[No. 12155.  Department One.  December 29, 1914.]

J. G. Crouch, *as Administrator of the Estate of Edwin R. Knight, Appellant,* v. E. W. Ross, *Commissioner of Public Lands, Respondent.*[1]

Certiorari — Record — Scope of Review — Evidence—Necessity. Upon certiorari to review the decision of the commissioner of public lands ordering a cancellation of a state deed of oyster lands, in which the commissioner was unable to make a full return bringing up all the evidence, by reason of the stenographer's inability to read her notes, the decision of cancellation must be vacated, without prejudice; since Rem. & Bal. Code, § 1010, relating to review of certiorari proceedings depending on the facts alone, contemplates a review of the evidence upon the record below; and findings of the commissioner, cannot, in the absence of the evidence, be taken as the verdict of a jury.

Public Lands—Findings of Commissioner—Review—Certiorari —Evidence. Where the commissioner of public lands took evidence, and made findings thereon, certiorari brings such evidence up for review, even if the commissioner might have determined the matter on his own investigation without the taking of evidence.

Evidence—Judicial Notice—Practice in Department. The court will take judicial notice of the practice of the commissioner of public lands to subpoena witnesses and administer oaths.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered December 12, 1913, dismissing certiorari proceedings to review an order of the commissioner of public lands for the cancellation of a deed of state oyster lands.  Modified.

*T. M. Vance (Fenley Bryan, C. A. Gordon,* and *Gordon & Easterday,* of counsel), for appellant.

*The Attorney General* and *R. E. Campbell, Assistant (F. H. Murray,* of counsel), for respondent.

Chadwick, J.—Without reference to antecedent facts, it is enough to say that, on January 21, 1911, an application was made by an interested party to cancel a deed theretofore

[1]Reported in 145 Pac. 87.

made by the commissioner of public lands on July 14, 1906, whereby the state conveyed to one Henry G. Knight 96.43 acres of tide land for oyster cultivation, said deed being executed under chapter 16, title LI, Rem. & Bal. Code, §§ 6799-6805 (P. C. 373 §§ 43-61). The application was based on several grounds, among others, that the land had not been used by the grantee or by his grantees for the cultivation of oysters; that the land was not suitable for cultivation of oysters; and that it had been used for other purposes. A hearing was had before the commissioner of public lands in which the parties immediately concerned participated. The commissioner of public lands made findings, *inter alia*, that the land had not been devoted to the cultivation of oysters, and was not suitable for the cultivation of oysters, and accordingly canceled the deed. Whereupon, the relator sued out a writ of certiorari, in the superior court of Thurston county, to which the commissioner made return. At the time of the hearing, the commissioner took the testimony of several witnesses, and it appearing by the writ that the testimony of the witnesses had not been transcribed and made a part of the record, the court directed a further return. It appears that the commissioner was unable to certify the testimony because the stenographer who had taken it was not thereafter able to read or transcribe her notes. On motion of the respondent's counsel, the proceeding was dismissed, the court holding that it had no jurisdiction in the premises.

We cannot concur in the reasons given for dismissing the proceeding. The court had unquestioned jurisdiction over the subject-matter and of the parties, but we nevertheless believe that, no question of law appearing which was determinative of the case, it was not only within the discretion of the court but was in a sense incumbent upon him to dismiss the proceedings.

The writ of certiorari, as it has been defined by our statute, is an enlargement of the common law writ and, in a proper case, puts upon the court the duty of inquiring into the facts

upon which the judgment rests. It is provided in Rem. &
Bal. Code, § 1010 (P. C. 81 § 1745), that questions involving
the merits to be determined by the reviewing court are:

"(1) . . . (2) . . . (3) . . . (4) Whether there was
any competent proof of all the facts necessary to be proved,
in order to authorize the making of the determination.   (5)
If there was such proof, whether there was, upon all the
evidence, such a preponderance of proof, against the exist-
ence thereof, rendered in an action in a court, triable by a
jury, would be set aside by the court, as against the weight
of evidence."

In *State ex rel. Spokane & Inland Empire R. Co. v. State
Board of Equalization,* 75 Wash. 90, 134 Pac. 695, we held:

"It seems clear that our statutory certiorari and review
proceeding contemplates a review in the courts of the pro-
ceeding had in an inferior tribunal only upon the record of
such proceeding made therein, and that such review is in no
sense a trial *de novo* of the questions determined by the in-
ferior tribunal sought to be reviewed."

It is apparent, therefore, that the court could not review
the action of the commissioner because the facts upon which
his judgment was based had not been brought to the court,
and it appearing that it was impossible to do this, the court
could make no other order than one of dismissal; for it is
made the duty of the superior judge in a certiorari proceed-
ing depending upon facts alone, to review evidence and ascer-
tain for himself the preponderance of the proof.   He cannot
do this without the record. It is contended, however, by coun-
sel for the commissioner, that the findings of the commis-
sioner must be taken, in the absence of the evidence, as the
verdict of a jury, and that they are sufficient to sustain his
judgment.   The answer to this is that the statute has pro-
vided for a review of the facts by the court in cases of this
kind.   It is a special proceeding defined by statute and is
not controlled by the rules of the common law or by the code
of civil procedure.

It is suggested by the *Attorney General* that the commissioner is not confined in his determination to any evidence taken at a hearing; that he can make his finding irrespective of the evidence or by an independent investigation and that, having once decided that a deed shall be canceled, his order must be held to be conclusive.

This question is not before us on the record. The commissioner did take testimony and has made his finding upon the evidence. Nor will we inquire into the power of the commissioner to subpoena witnesses or to take the evidence of witnesses, or to administer oaths in a proceeding instituted to cancel a deed executed under chapter 16, title LI. However, in passing, it seems not out of place to say that the record shows a formal hearing before the commissioner, and that he did administer oaths to the witnesses. It has been the practice of that department, of which we now take judicial notice (16 Cyc. 903), to administer oaths in all hearings pertaining to state lands. We deem it not out of place to say that we have no doubt of the power of the commissioner to receive the sworn testimony of the witnesses, and if he has not that power by the implications arising out of the act, the oath might be administered by any other officer authorized to administer oaths in any judicial inquiry or proceeding under the laws of the state of Washington.

The court ordered that the proceeding be dismissed without prejudice. No appeal was taken from this part of the order. To make the judgment of the lower court effectual, it will be necessary to remand the case with directions to the trial judge to make an order vacating the decision of the commissioner, without prejudice to another hearing before the commissioner.

CROW, C. J., GOSE, MORRIS, and PARKER, JJ., concur.