[No. 35533.    Department Two.    May 25, 1961.]

KING COUNTY WATER DISTRICT NO. 68, *Respondent,* v. TAX COMMISSION OF THE STATE OF WASHINGTON, *Appellant.*[*]

*Reported in 362 P. (2d) 244.

*The Attorney General* and *Henry W. Wager, Assistant,* for appellant.

*Cartano, Botzer & Chapman* and *John D. Cartano,* for respondent.

HUNTER, J.—This action was instituted by King County Water District No. 68, a municipal corporation located at Bellevue, Washington (hereafter referred to as the Water District), for a refund of excise taxes paid pursuant to an assessment under the public utility tax, Title V, Revenue Act of 1935, as amended and codified in RCW chapter 82.16, as in effect prior to the 1959 amendment thereto. The state tax commission included in the measure of the tax, receipts from the following transactions:

(A) The Water District constructed and installed an extension of its main water system on property belonging to Safeway, Inc., for the purpose of serving a plant of that company. The Water District charged and Safeway, Inc., paid for this installation. Title to the extension remained in the Water District.

(B) The Water District constructed and installed an extension of its main water system on property belonging to school district No. 405 at Bellevue, Washington, for the purpose of serving the school district. The Water District charged and the school district agreed to pay for this construction and installation in installments. The state tax commission assessed the tax on the basis of the full cost of this installation and construction since the books of the school district were kept on an accrual basis. Title to this extension also remained in the Water District.

(C) The Water District charged its customers and was paid the cost of installing water meters. This charge included the cost of pipe or connections with coupling and fittings from the main water line to the meters. Title to these installations remained in the Water District.

(D) The Water District charged its customers and was paid the cost of inspecting water main extensions, to serve customers, which were not constructed by the Water District but which were required to meet the District's specifications.

The state tax commission included these receipts in the measure of the tax on the ground that they constituted "operating revenue" within the meaning of RCW 82.16-.010(12) as the statute existed prior to the 1959 amendment. The Water District paid the tax in full and filed a petition with the state tax commission for a partial refund. The total amount of taxes in dispute was $3,172.24. After consideration, an order was entered denying the petition on November 28, 1958. From this order an appeal was taken to the superior court for Thurston county. The trial court held these receipts did not constitute "operating revenue" within the meaning of RCW 82.16.010(12) as the statute existed prior to the 1959 amendment, and entered judgment ordering the state tax commission to refund so much of the tax which had been based upon the receipts from the above transactions. From this judgment, the tax commission appeals.

The pertinent parts of RCW chapter 82.16 in effect dur-

ing the period from 1935 through June 30, 1957, which were applicable to our consideration of this appeal, are as follows:

RCW 82.16.020: "There is levied and there shall be collected from every person a tax for the act or privilege of engaging within this state in any one or more of the businesses herein mentioned. The tax shall be equal to the gross operating revenue of the business, multiplied by the rate set out after the business, as follows:

"(1) Railroad, express, railroad car, water distribution, light and power, telephone and telegraph businesses: Three per cent: . . ."

RCW 82.16.010(4): " 'Water distribution business' means the business of operating a plant or system for the distribution of water for hire or sale; . . ."

RCW 82.16.010(12): " 'Gross operating revenue' means the value proceeding or accruing from the performance of the particular public service or transportation business involved, including operations incidental thereto, but without any deduction on account of the cost of the commodity furnished or sold, the cost of materials used, labor costs, interest, discount, delivery costs, taxes, or any other expense whatsoever paid or accrued and without any deduction on account of losses; . . ."

Both parties agree that the sole question in this appeal is whether the above-mentioned receipts constituted "operating revenue" of the Water District within the purview of RCW chapter 82.16 as it existed prior to the 1959 amendment.

■ The issue posed requires that we determine whether the statute makes a distinction between nonoperating and operating revenue of a water utility business. The respondent argues first, that the transactions in the instant case were not within the operation of a water distribution business as defined under RCW 82.16.010(4). We agree. The statute specifically provides that a " 'Water distribution business' means the business of operating a plant or system for the distribution of water for hire or sale." This presupposes the existence of a plant to operate. Constructing, installing, and inspecting facilities for the purpose of operating a plant do not constitute operations of such facilities

as expressly provided for under this statutory definition. Thus it follows that money received as reimbursement for the cost of constructing, installing, and inspecting facilities for the purpose of operating a water distribution system would not be within the operation of the Water District's distribution business.

The respondent further argues that contributions for capital construction in the instant case do not come within the definition of "gross operating revenue." We agree. RCW 82.16.010(12) provides that " 'Gross operating revenue' means the value proceeding or accruing from the performance of the particular public service . . . business . . . including operations incidental thereto. . . ."

This section specifically provides that "operating revenue" accrues from the performance of the business. We have just held that the payments for capital installations were not within the performance of the business under the statutory definition in RCW 82.16.010(4). It therefore follows that these payments were not "operating revenue" accruing from the performance of the business under the statutory definition in RCW 82.16.010(12).

The appellant contends that the language "including operations incidental thereto" contained in the definition of "gross operating revenue" is broad enough to include the payments received by the Water District in the instant case. We disagree.

It is a well-established rule of statutory construction, where there are specific words used followed by general words, the specific words govern the character or kind of the matter included in the general words. *State v. Thompson*, 38 Wn. (2d) 774, 232 P. (2d) 87 (1951); *Townsend Gas & Electric Light Co. v. Hill*, 24 Wash. 469, 64 Pac. 778 (1901). The phrase "including operations incidental thereto" is governed by the specific words "performance of the . . . business . . . " which was not being performed under the statutory definition, *supra*, at the time the payments in question were made.

■ The appellant further argues that the revenue received for installations to the water system was given as consideration for delivery of water by the Water District and therefore it constituted "operating revenue." This argument overlooks the fact that the persons making the payments in question were not in the same category as that of water users, and they were not capable of becoming water users of the Water District until these additions or installations to the District's system were completed. The consideration was to qualify the parties or make them capable of purchasing water, rather than consideration for their purchase of water itself from the Water District over its distribution system.

■ The appellant cites a line of federal cases, *Edwards v. Cuba R. Co.*, 268 U. S. 628, 69 L. Ed. 1124, 45 S. Ct. 614 (1925); *Detroit Edison Co. v. Commissioner of Internal Revenue*, 319 U. S. 98, 87 L. Ed. 1286, 63 S. Ct. 902 (1943); *Teleservice Co. of Wyoming Valley v. Commissioner of Internal Revenue*, 254 F. (2d) 105 (1958), *cert. denied*, 357 U. S. 919, 2 L. Ed. (2d) 1364, 78 S. Ct. 1360 (1958), for the proposition that receipts constitute income of the utilities rather than capital contributions where they were paid and received as consideration for a service.

An examination of these cases discloses that the issue to be determined was whether these payments for capital installations constituted income to the utility involved. These cases held such payments were income because the payments were made in consideration for a service. The cases are not apposite for we are not concerned with gross revenues in the sense of income to a utility. We are concerned with "gross *operating* revenue" which, under our statute and its definition, constitutes revenue obtained from the distribution of water for hire or sale and not for construction costs of a distribution system.

We are satisfied that the revenue which the appellant tax commission included in the measure for computing the utility taxes of the respondent Water District under RCW 82.16.020 was not predicated upon operating revenue accru-

ing from the performance of a water distribution business, as defined in the public utility tax statutes.

The judgment of the trial court is affirmed.

MALLERY, DONWORTH, and OTT, JJ., concur.

FINLEY, C. J., concurs in the result.

---

September 21, 1961. Petition for rehearing denied.

*Reported in 362 P. (2d) 352.