[No. 38414.    Department Two.    February 20, 1967.]

Puget Sound Power & Light Company, *Appellant,* v. The State of Washington, *Respondent.*\*

*Holman, Marion, Perkins, Coie & Stone,* by *Andrew M. Williams,* for appellant.

*The Attorney General, H. Eugene Quinn, Special Assistant,* and *Timothy R. Malone, Assistant,* for respondent.

Donworth, J.—This action originated with an appeal to the Superior Court for Thurston County from a tax commission order denying appellant's petition for the refund of certain public utility taxes imposed under RCW 82.16. On April 12, 1965, the trial court filed its memorandum opinion dismissing the action, and, following the entry of findings of fact and conclusions of law and judgment on May 26, 1965, appellant gave timely notice of appeal to this court.

The dispute centers around the interpretation and application of RCW 82.32.060, under which a taxpayer must

\*Reported in 424 P.2d 634.

claim a refund for taxes paid in excess of the amount properly due within 2 years of payment.

Appellant, an electric utility company, filed periodic tax returns as required by the Revenue Act of 1935, as amended, and paid the public utility taxes imposed by RCW 82.16 for the period of 1952 through 1957. The last such payment made with its periodic tax returns for that period was in January, 1958, and covered the period of November and December, 1957.

Included within the receipts upon which the public utility tax was computed and paid during the period 1952 through 1957 were certain receipts from persons not previously served by appellant representing part or all of appellant's cost incurred in extending electric distribution lines to serve such persons.[1]

During the years 1956, 1957, and 1958, the tax commission conducted audits of appellant's records covering the years 1952 through 1957, respectively. Three deficiency assessments for additional taxes due for the 1952-1957 period totaling $98,304.90 plus interest were issued. Following negotiations, the amounts of the deficiency assessments were reduced to $22,942.90 plus interest.

On October 15, 1959, appellant paid these deficiency assessments for the additional taxes claimed for the 1952-1957 period in the amount of $22,942.90 plus interest. Following this, on May 25, 1961, this court handed down its ruling in *King Cy. Water Dist. No. 68 v. Tax Comm'n*, 58 Wn.2d 282, 362 P.2d 244 (1961). The parties here stipulate that the *King Cy. Water Dist.* case is controlling, and that, under that decision, certain taxes paid by appellant between 1952 and 1957, and also at least a portion of the taxes paid on October 15, 1959, were not properly due from appellant.

On October 13, 1961, appellant filed its petition for a refund of the taxes paid on October 15, 1959, under the deficiency assessment. The tax commission refunded or

---

[1]This court later held that such receipts were not subject to the public utility tax. *King Cy. Water Dist. No. 68 v. Tax Comm'n*, 58 Wn.2d 282, 362 P.2d 244 (1961).

credited to appellant $5,645.22 of that amount plus interest, being the portion of the October 15, 1959 payment which it contends was based on the erroneously included 1952-1957 receipts. It is the balance of the October 15, 1959 payments amounting to $18,891.37 which appellant seeks to recover in this action.

Respondent would divide the 1952-1957 taxes into four parts: (1) taxes paid between 1952-1957 which were based upon properly taxable receipts; (2) payment made on October 15, 1959, under the deficiency assessment based on those same 1952-1957 receipts which were properly taxable; (3) taxes paid between 1952 and 1957 based on receipts not properly taxable under the later decision in *King Cy. Water Dist., supra,* and (4) payment made on October 15, 1959, under the deficiency assessment based on the 1952-1957 receipts held not taxable in the *King Cy. Water Dist.* case.

The tax commission has refunded those payments denominated (4) above, but has refused appellant's petition for the refund of those payments denominated (2). It is agreed that a refund of payments (3) may not be allowed under the statute quoted below.

The statute involved, RCW 82.32.060[2], provides that:

> If, upon application by a taxpayer for a refund . . . it is determined by the tax commission that within the two years immediately preceding the receipt of the commission of the application by the taxpayer for a refund . . . a tax has been paid in excess of that properly due, the excess amount paid within such period of two years shall be credited to the taxpayer's account or shall be refunded to the taxpayer, at his option. No refund or credit shall be allowed with respect to any payments made to the commission more than two years before the date of such application . . . .

The statute also provides for an offset:

> Where a refund or credit may not be made because of the lapse of said two year period, the amount of the refund or credit which would otherwise be allowable for the

[2]RCW 82.32.060 was amended effective June 1, 1965, but the amendment has no application to this case.

portion of the statutory assessment period preceding the two year period may be offset against the amount of any tax deficiency which may be determined by the commission for such preceding period.

This case presents a legal question of first impression in this jurisdiction or, indeed, in any jurisdiction to which our attention has been directed. Our only guide, therefore, is the statute.

In order that the taxpayer be entitled to a refund under the statute, he must have paid (1) taxes in excess of that properly due (2) within 2 years prior to his petition for refund. The taxes sought by appellant were paid within 2 years of the filing of his petition for refund. The question confronting us, therefore, is whether the remainder of the October 15, 1959 payment on the deficiency assessments was an amount in excess of that properly due.

It is not denied that the public utility tax paid by appellant between 1952 and 1957 exceeds the proper total tax liability for that period, excluding the nontaxable receipts. However, the tax commission contends that the question of whether the deficiency assessment later paid is an amount "properly due" must be answered by ascertaining the basis on which it was assessed. Since the disputed amount here was based on properly taxable receipts, it is contended by the tax commission that it was an amount properly due regardless of the total amount paid by appellant on his public utility tax liability for that period. We do not agree.

■ Where a taxpayer, in computing his particular tax liability for a given period, erroneously includes certain items in his computation which are subsequently declared nontaxable, and pays a sum deemed owed by reason of the erroneous inclusion, two situations may arise:

(1) If the amount paid is less than he should have paid, based on properly taxable items, the taxpayer will not be entitled to a refund of the amount attributable to the erroneous inclusion of nontaxable items. By statute, his refund or credit is limited to the amounts in excess of that properly due.

(2) If the amount paid is more than he actually owed, based on properly taxable items, he will be entitled to a refund of the excess amount, provided petition for refund is timely filed. However, his refund will be limited to the amount exceeding that "properly due," regardless of the amount attributable to the erroneous inclusion of nontaxable items. Only the amount exceeding that which is properly due would be refundable under the statute.

If the amount the taxpayer has paid exceeds his proper tax liability for a given period and for a particular tax, certainly no additional assessment therefor could be a sum "properly due." In this case, appellant has paid an amount in excess of the public utility tax properly due from it. The excess portion paid before 1957 is not refundable since more than 2 years had elapsed before he filed his petition for a refund. However, the deficiency assessment for an additional amount, under the analysis set forth above, is not an amount "properly due" from appellant. Since this amount was not properly due, the statute allows its refund upon petition timely filed. Appellant's petition for refund was filed within 2 years of the October 15, 1959 payment on the deficiency assessments and was, therefore, timely made.

We hold, therefore, that appellant is entitled to a refund or credit of the full amount of the deficiency assessment payment made on October 15, 1959.

Accordingly, the judgment of the trial court dismissing appellant's appeal from the tax commission's denial of the petition for refund is reversed and the cause is remanded with directions to determine the amount of refund computed in accordance with the views expressed herein and to enter judgment for appellant for the amount so determined.

FINLEY, C. J., WEAVER and ROSELLINI, JJ., and LANGENBACH, J. Pro Tem., concur.