[No. 39147.   Department Two.   May 11, 1967.]

PUBLIC UTILITY DISTRICT No. 3 OF MASON COUNTY, *Appellant*, v. THE STATE OF WASHINGTON, *Respondent*.*

*Glenn E. Correa*, for appellant.

*The Attorney General, Henry W. Wager* and *Timothy R. Malone, Assistants*, for respondent.

HUNTER, J.—This appeal originates from an order of the Washington State Tax Commission (respondent) fixing a deficiency assessment against Public Utility District No. 3 of Mason County (appellant), a municipal light and power corporation located in Shelton, Washington (hereafter referred to as the district). The district appeals from the judgment of the trial court finding it to be deficient in the payment of its 3.6 per cent public utility tax on gross income under Title V, Revenue Act of 1935, as amended and codified in RCW 82.16. The facts of this case, as stipulated by the parties in the pretrial order and adopted by the trial court in its memorandum opinion, are as follows:

The tax commission audited the books and records of the district in July, 1963, for the period of operations from

*Reported in 427 P.2d 713.

January 1, 1959. From the audit, the commission discovered that the district did not prepay its 2 per cent state and 1 per cent city of Shelton privilege taxes authorized by RCW 54.28; but followed the practice of passing these taxes on to its customers by billing them as a separate item, labeled tax, after compilation of charges for electric energy or services according to the district's regularly adopted rate schedule. The district would then remit the taxes, so collected, to the taxing source without including these receipts in its reported gross income, for purposes of the additional 3.6 per cent state franchise tax on public utilities, RCW 82.16.

The tax commission ruled that this practice, insofar as the receipts collected were not reported as income under RCW 82.16, was improper and ordered a deficiency assessment of $6,428.48 upon this unreported income. The district paid the deficiency under protest and now claims $4,118.07 of it as improperly assessed.

The trial court held that the 2 per cent state and 1 per cent privilege taxes imposed under RCW 54.28 were designed to be borne by the district as a part of its cost of doing business as a utility; that they could not be deducted from its gross income from the sale of electric energy or services under the 3.6 per cent public utility tax in RCW 82.16; and that the district could not, by billing the taxes as a separate item to the consumer, convert them to taxes on the ultimate user of the services.

Both parties agree that the sole question on this appeal is whether the above-mentioned tax receipts constituted "gross income" of the district, subject to taxation within the purview of RCW 82.16, the public utility tax statute.

The district contends that the tax receipts collected from its customers are not derived from the sale of electricity (RCW 54.28.020) or from gross revenues derived by the district from the performance of its public service, including operations incidental thereto (RCW 82.16.010, infra). Its argument is that since only revenue or income from the generation, distribution and sale of electric energy was con-

templated as the measure of "gross income," the district properly considered the collected tax receipts as an item separate from operating revenue; and correctly paid its additional 3.6 per cent public utility tax without including these tax receipts in its reported "gross income."

■ We think the district has misconstrued the difference between the measure of the 1 per cent and 2 per cent taxes, defined in RCW 54.28.011 as "Gross revenue" from the sale of electric energy, and the measure of the additional 3.6 per cent tax defined in RCW 82.16.010(12) as "Gross income" from the performance of the public service, upon which this order of the Tax Commission was based. The definition of "Gross revenue" appears in RCW 54.28.011 as follows:

"Gross revenue" shall mean the amount received from the sale of electric energy *excluding any tax levied by a municipal corporation upon the district pursuant to RCW 54.28.070.* (Italics ours.)

The determination whether tax receipts collected and remitted to the taxing source under RCW 54.28 (the 2 per cent state and 1 per cent city of Shelton privilege taxes) are to be included as "gross income" in measuring the 3.6 per cent public utility tax, is not resolved by this definition of "gross revenue." The measure, there defined, only has application in determining taxes payable under RCW 54.28.020 and RCW 54.28.070, which authorize the 2 per cent state and 1 per cent city of Shelton privilege taxes, a question not material to this appeal.

The real question is whether these receipts are included in the definition of "Gross income" under RCW 82.16-.010(12), which reads as follows:

"Gross income" means the value proceeding or accruing from the performance of the particular public service or transportation business involved, including operations incidental thereto, *but without any deduction on account of* the cost of the commodity furnished or sold, the cost of materials used, labor costs, interest, discount, delivery costs, *taxes,* or any other expense *whatsoever paid or accrued* and without any deduction on account of losses . . . . (Italics ours.)

It is this definition that governs the income upon which the 3.6 per cent public utility tax is to be measured. By the express terms of this statute (italicized portion) no deduction for taxes paid or accrued is allowable in determining "gross income," since these expenses are treated as part of the cost of doing business as a franchised public utility. Therefore, the district, by billing the two taxes in question to its customers (either separately or buried in the total charge for services), adds to its "gross income" and cannot thereafter make deductions therefrom in measuring its tax liability under the public utility tax, RCW 82.16.

The case of *King Cy. Water Dist. v. Tax Comm'n,* 58 Wn.2d 282, 362 P.2d 244 (1961), relied on by the district, is not apposite; for in that case we dealt with the taxability of revenue not received by the (water) district as consideration for the delivery of water to the customer, and before the facilities of the district were operational. See *Kennewick v. State,* 67 Wn.2d 589, 409 P.2d 138 (1965). Here the tax receipts collected are part of the consideration given by the customer for electric services, regardless of the form of the district's billing, since they are operational expenses of the district directly connected with the performance of its particular public service.

The judgment of the trial court, approving the deficiency assessment order by the Tax Commission against the district, is affirmed.

FINLEY, C. J., HAMILTON, J., and LANGENBACH, J. Pro Tem., concur.