[No. 39170.   Department Two.   March 14, 1968.]

HENRY W. BEACH et al., Respondents, v. BOARD OF ADJUSTMENT OF SNOHOMISH COUNTY et al., Appellants.*

*Reported in 438 P.2d 617.

*Robert E. Schillberg* and *Eugene Butler,* for appellants.

EVANS, J.†—July 6, 1965, after notice had been given to all interested parties, the Board of Adjustment of Snohomish County (hereinafter called Board) convened to consider the application of one Gene E. Fleury for a conditional use permit to operate a wrecking yard in a "rural use zone." After the hearing at which witnesses were heard and exhibits were entered, the Board, in a written order dated July 12, 1965, approved Mr. Fleury's application (subject to certain enumerated conditions). July 15, 1965, Henry W. Beach and Grace Rasmussen, who had opposed Mr. Fleury's application at the Board hearing, applied to the Superior Court for Snohomish County for a writ of certiorari. August 12, 1965, the superior court directed the Board to "certify to this Court . . . a full transcript of the records and proceedings had in said cause for review herein."

Due to mechanical failure of a tape recording machine, the Board was unable to submit a verbatim record of its July 6, 1965 hearing. The Board hearing had been attended by the Board's clerical secretary, who took shorthand notes which admittedly were not complete. The Board had the secretary's shorthand notes transcribed and certified as the return to the writ of certiorari. The petitioners for the writ, Henry W. Beach and Grace Rasmussen, objected on the ground that the record was not a verbatim record and that, since the Board could not furnish an adequate record for review, they contended that the Board's order granting the conditional use permit should be vacated. The trial court agreed and entered an order which reads, in part:

[T]he plaintiff moving for a dismissal of . . . matter on the ground . . . that the record of the Board . . . is

---

†Judge Evans is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

fatally defective and incomplete, and the Court so finding that said record and transcript herein certified from the Board . . . is not a complete record of all of the proceedings before the Board . . . and that such complete record does not exist and cannot be supplied, and there thereby is insufficient evidence of the proceedings . . . for a review of this Court thereof, Now, Therefore,

It is Hereby Ordered, Adjudged and Decreed that pursuant to the authority of Crouch v. Ross, 83 Wn 73, the decision of the Board . . . granting . . . . a Conditional Use Permit . . . is hereby vacated and of no further force and effect; . . . without prejudice to another hearing before the Board . . . .

From the entry of this order, the Board and the applicant, Mr. Fleury, appeal. Respondents did not submit a brief or appear for oral argument.

The only question before this court is whether a verbatim record of proceedings before the Board was required. It is conceded that the secretary's transcription, which was certified as the return to the writ, is not such a record. The answer to the question posed turns on legislative intent which is to be found in the statutory schema governing county boards of adjustment, RCW 36.70, and in the statutes governing certiorari, RCW 7.16, to which the former statutes refer.

■ County boards of adjustment, organized pursuant to RCW 36.70.010-.940,[1] which counsel for appellant concedes are the governing statutes in the present dispute, are vested with quasi-judicial powers (RCW 36.70.810, .820), which powers they exercise when they convene to consider an application for a conditional use permit. Compare *State ex rel. Smilanich v. McCollum*, 62 Wn.2d 602, 384 P.2d 358 (1963), which was governed by the provisions of RCW 35.63.010-.120.

RCW 36.70.890 provides:

---

[1]RCW 36.70.930 provides that this chapter shall not repeal any other law providing for planning but is to be considered as an alternative method providing for such purpose, and RCW 36.70.940 provides that any county operating under RCW 35.63 may elect to operate henceforth under this chapter.

> The action by the board of adjustment on an application for a conditional use permit . . . shall be final and conclusive unless . . . the original applicant *or an adverse party makes application to a court . . . for a writ of certiorari . . . .* (Italics ours.)

By reference in the above statute, the adverse parties (the respondents here) are directed to statutory provisions governing certiorari. RCW 7.16.120, relating to certiorari, sets out five questions for the trial court to determine on the merits. They are (1) whether the agency had jurisdiction, (2) whether the agency's authority was pursued in the mode required by law, (3) whether any rule of law had been violated, (4) whether there was any competent proof of all the facts necessary to be proved, and (5) if there was such proof, whether there was, upon all the evidence, such a preponderance of proof against the existence thereof, rendered in an action in court, triable by a jury, as would be set aside by the court as against the weight of the evidence.

■ Where, as here, two statutes relate to the same subject matter, the court will, in its attempt to ascertain legislative purpose, read the sections as constituting one law to the end that a harmonious total schema which maintains the integrity of both is derived. *Buell v. McGee,* 9 Wn.2d 84, 113 P.2d 522 (1941); *White v. North Yakima,* 87 Wash. 191, 151 Pac. 645 (1915).

■ When thus construed, it is clear that the legislature contemplated a review of board proceedings which would, of necessity, require an accurate and complete record. Furthermore, both statutes speak directly to the necessity for a record. RCW 7.16.070 provides:

> The writ of review must command the party to whom it is directed to *certify fully to the court issuing the writ . . . . a transcript of the record and proceedings . . .* that the same may be reviewed by the court . . . . (Italics ours.)

And RCW 36.70.900 provides:

> [T]he board of adjustment . . . shall, in making an order, requirement, decision or determination, *include in a written record* of the case the findings of fact upon which the action is based. (Italics ours.)

In view of the clear legislative intent evidenced in these statutory provisions, we agree with the trial court that the lack of a complete record was a fatal defect. *Crouch v. Ross,* 83 Wash. 73, 145 Pac. 87 (1914).

■ In oral argument, appellant contended that the reason for taking this appeal instead of holding another Board hearing was that subsequent zoning ordinance changes have altered the standards by which the application for a conditional use permit would have to be measured. This contention is erroneous. The applicant's right to a hearing vested at the time the application was properly filed with the Board and, furthermore, the subsequent change in the zoning ordinance does not operate retroactively so as to affect vested rights. See *Bishop v. Town of Houghton,* 69 Wn.2d 786, 420 P.2d 368 (1966); *Pierce v. King Cy.,* 62 Wn.2d 324, 382 P.2d 628 (1963); *Hull v. Hunt,* 53 Wn.2d 125, 331 P.2d 856 (1958); *State ex rel. Ogden v. Bellevue,* 45 Wn.2d 492, 275 P.2d 899 (1954).

The order of the trial court is modified with instructions to remand to the Board for a rehearing at which the zoning code which was in force at the time of the filing of the application shall apply. The judgment is in all other respects affirmed.

Appellant shall be denied costs.

FINLEY, C. J., HILL, HUNTER, and HAMILTON, JJ., concur.