[No. 41051. En Banc. December 10, 1970.]

THE STATE OF WASHINGTON, *Respondent,* v. EUGENE TANKSLEY, *Appellant.*\*

*\*Reported in 477 P.2d 926.

C. *James Lust* (of *Hanson & Lust*), for appellant (appointed counsel for appeal).

*Lincoln E. Shropshire* and *Cameron K. Hopkins,* for respondent.

SHARP, J.—Defendant appeals from his February 28, 1969, conviction for possession of heroin under the Uniform Narcotic Drug Act, RCW 69.33. His attorney has filed a motion to withdraw from the appeal on the grounds that it is frivolous.

Cases of this nature must be considered in light of the decision of the United States Supreme Court in *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967). This court in *State v. Theobald,* 78 Wn.2d 184, 470 P.2d 188, quoted *Anders* as requiring:

> [Defense counsel's] role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, [1] be accompanied by a brief referring to anything in the record that might arguably support the appeal. [2] A copy of counsel's brief should be furnished the indigent and [3] time allowed him to raise any points that he chooses; [4] the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

Counsel's motion is accompanied by a brief, which satisfies the first requirement. He has filed an affidavit with the court stating that he supplied appellant with a copy of the brief, notified him of his intent to withdraw, and advised appellant that he could file a brief on his own behalf. No such brief was filed, although the affidavit states that appellant has had since March, 1969, to consider any points he feels are pertinent. We are satisfied that requirements [2] and [3] have been complied with.

In accordance with the fourth requirement, we have fully examined the record.

The four assignments of error raised by appellant are based upon the same argument: That the discretion of the prosecutor to charge appellant with unlawful possession of heroin under RCW 69.33, a felony, or to charge him with possession of dangerous drugs under RCW 69.40, a misdemeanor, denies appellant equal protection under the fourteenth amendment to the United States Constitution, and article 1, section 12 of the state constitution.

RCW 69.33.220(12) defines "opium" as including "morphine, codeine, and heroin . . ." Narcotic drugs are defined in RCW 69.33.220(13) as

> coca leaves, *opium*, cannabis and every other substance neither chemically nor physically distinguishable from them . . .

(Italics ours.)

The 1969 amendment to this section specifically removed cannabis, leaving the other language unchanged. (Laws of 1969, Ex. Ses., ch. 256, § 7, p. 2387.)

The dangerous drug act, RCW 69.40.061 (Laws of 1967, ch. 71, § 2) makes unlawful the possession of drugs described in RCW 69.40.060. The pertinent portions of that section are as follows:

> It shall be unlawful for a person, firm, or corporation to sell, give away, barter, exchange or distribute *amytal, luminal, veronal, barbital, acid diethylbarbituric,* or any salts, derivatives, or compounds thereof, . . . any *amphetamine* or any *dextroamphetamine . . . dimethyltryptamine, lysergic acid, mescaline, peyote, psilocin,* . . . any drug found by federal law or regulation or Washington state pharmacy board regulation to have a potential for abuse because of its depressant or stimulant effect on the central nervous system or its hallucinogenic effect; *or any other drug which is required by any applicable federal or state law or federal regulation or Washington state pharmacy board regulation to be used only on prescription,* except upon the written or oral order or prescription of a physician, . . .

(Italics ours.)

It is appellant's contention that the words ". . . any other drug which is required . . . to be used only on prescription . . ." includes heroin, thereby affording the prosecutor the discretion complained of. We find no such inclusion of heroin in the dangerous drug act, and therefore no such discretion.

■■ The primary rule of statutory construction is to ascertain and give effect to legislative intention. *Anderson v. Seattle,* 78 Wn.2d 201, 471 P.2d 87 (1970). In this appeal we deal with two statutes relating to the same subject. We will, therefore, read the two as constituting one law in an attempt to arrive at a total scheme maintaining the integrity of both. *Beach v. Board of Adjustment,* 73 Wn.2d 343, 438 P.2d 617 (1968).

■ The dangerous drug act, as noted earlier, specifically enumerates those drugs to which it shall apply, *i.e.,* certain sleeping pills, amphetamines, dextroamphetamines, hallucinogens, and, as of 1969, cannabis. The general term "any other drug" follows that specific language and was obviously intended to be limited by it to drugs of the kind and character set out therein. This reasoning is in line with the general canon of statutory construction that specific terms of a statute limit subsequent general terms. *State v. Sterling Theatres Co.,* 64 Wn.2d 761, 394 P.2d 226 (1964); *King County Water Dist. 68 v. State Tax Comm'n,* 58 Wn.2d 282, 362 P.2d 244 (1961). We recognize that the court is not bound by this rule of construction. However, in view of the fact that the legislature has seen fit to set out the specific drugs covered by this act and the specific drugs covered by another act (RCW 69.33), both acts in effect simultaneously, we feel the use of this rule aids us in making a correct determination of legislative intent.

■ This court, in *State v. Zornes,* 78 Wn.2d 9, 15, 475 P.2d 109 (1970), stated that:

> The argument that the dangerous drug act was not meant to apply to *narcotic drugs* is persuasive, for the dangerous drug act does not list any narcotic drugs, as that term is defined in various dictionaries and those drugs which are listed evidently are considered danger-

ous because of their stimulant or depressant effect on the central nervous system or their hallucinogenic effect.

We may assume that *the legislature did not intend this act to apply to narcotic drugs.*

(Footnote omitted. Italics ours.)

Heroin is specifically set out in RCW 69.33.220(12) as a narcotic drug. It is a derivative of the drug morphine,[1] which is produced from opium. In *State v. Zornes, supra,* the court adequately set out the medical characteristics of narcotic drugs. We will not repeat that discussion. It is sufficient that heroin, being a true narcotic drug, has medical characteristics distinct from those drugs enumerated in the dangerous drug act. This difference creates a reasonable basis upon which the legislature based its decision to make possession of heroin a felony and possession of dangerous drugs a misdemeanor.

Appellant cites *Olsen v. Delmore,* 48 Wn.2d 545, 295 P.2d 324 (1956), as authority for the proposition that prosecutional discretion in charging a felony or misdemeanor for the same act is violative of equal protection. In *Delmore,* the court found, by statutory construction and implication, that the legislature had intended to create such discretion in the prosecutor. Such is not the case here. The legislature has in fact gone to great lengths to separate the categories of drug offenses for which a felony or misdemeanor may be imposed. This care is evidenced by the removal of cannabis from the Narcotic Drug Act and its inclusion in the dangerous drug act (Laws of 1969, Ex. Ses., ch. 256). We may assume that this amendment was made due to increased knowledge of the true medical character of cannabis. See *State v. Zornes, supra.* This amendment is further evidence of the intent of the legislature to create and maintain mutually exclusive penalties for possession of specific drugs. *Longview Co. v. Lynn,* 6 Wn.2d 507, 108 P.2d 365 (1940).

---

[1] Webster's New 20th Century Dictionary (2d ed. 1960).

"Heroin: a white, crystalline, odorless, bitter powder . . . derived from morphine: it is a very powerful, habit-forming narcotic . . ."

We hold, therefore, that there is no valid assignment of error in this appeal.

The motion to withdraw is granted and the conviction affirmed.

ALL CONCUR.