[No. 312-41757-3.    Division Three.    August 5, 1971.]

LUCILE BARTZ, *Appellant,* v. THE BOARD OF ADJUSTMENT *et al., Respondents.*

*McKanna, Herman & Herman* and *Howard H. Herman,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Emmett Shearer, Deputy,* for respondent Board of Adjustment.

*Cooney & Cooney, Joseph M. Cooney,* and *Edward E. Shaw,* for respondent Spalding.

Munson, C.J.—Dolph Spalding, respondent and owner of a wrecking yard in the Spokane Valley, applied to the Spokane County zoning adjuster for a special permit to construct a building to house the disassembly operation of his wrecking yard. The land in question is zoned "agricultural". Under the zoning ordinance of Spokane County respondent's use of this property as a wrecking yard is a nonconforming use. The zoning adjuster granted the permit. Respondent Spokane County Board of Adjustment, pursuant to Spokane Zoning Ordinance 4.18.030, reviewed and affirmed the zoning adjuster's decision. Lucile Bartz, owner of land contiguous to respondent Spalding, sought a writ of certiorari to review the issuance of the permit. The trial court affirmed the board's decision and petitioner appeals.

The major question presented by petitioner's numerous assignments of error is whether Spokane Zoning Ordinance 4.25.030,[1] allowing the granting of a permit for the expansion of a nonconforming use, is a proper extension of the

---

[1]Spokane Zoning Ordinance 4.25.030 states in part: "The Board of Adjustment, subject to appropriate conditions and safeguards as provided by this Title, shall hear and decide:

". . .

"g. *Special Permits—Fence, Expansion of a Non-Conforming Use.* Applications for a fence or expansion of a non-conforming use from the terms of the Zoning Ordinance, provided, that such special permit shall be subject to such conditions as will assure that the public health, safety, convenience, and general welfare are protected."

authority granted boards of adjustment under RCW 36.70.810.[2] We answer in the negative.

■ Boards of adjustment are statutory creatures and as such their authority must be derived from the establishing statute. *Beach v. Board of Adjustment*, 73 Wn.2d 343, 438 P.2d 617 (1968). The instant board's statutory source of authority is RCW 36.70.810 which specifically confers upon it two powers: (1) the issuance of conditional use permits, or such other permits when the zoning ordinance sets forth the specific uses to be made subject to conditional use permits; and (2) the allowance of variances from the terms of the ordinance. The matter of the variances is not involved in this case; hence, we restrict our discussion to (1) above.

■■ It is a well recognized rule of statutory construction that when a general term follows a specific term the general term is limited by the specific term. *State v. Tanksley*, 78 Wn.2d 553, 477 P.2d 926 (1970); *State v. Sterling Theatres Co.*, 64 Wn.2d 761, 394 P.2d 226 (1964); *King County Water Dist. 68 v. Tax Comm'n*, 58 Wn.2d 282, 362 P.2d 244 (1961). In the instant case the term "other permits" is limited by the term "conditional use" to permits of the kind and character set out therein as conditional uses. Thus, this ordinance does not allow for carte blanche issuance of special permits for the expansion of nonconforming uses. Only when the basis for the expansion complies with the criteria for determining the existence of conditions permissible for the issuance of a conditional use permit can such a permit be granted.

■ RCW 36.70.810(1) further requires that the board "[establish] criteria for determining the conditions to be

[2]RCW 36.70.810 states in part: "Board of adjustment—Authority. The board of adjustment, subject to appropriate conditions and safeguards as provided by the zoning ordinance or the ordinance establishing the board of adjustment, if there be such, shall hear and decide:

"(1) Applications for conditional uses or other permits when the zoning ordinance sets forth the specific uses to be made subject to conditional use permits and establishes criteria for determining the conditions to be imposed;

"(2) Applications for variances . . ."

imposed." The only potentially applicable conditions set forth in the ordinance are found in section 4.24.060 as set forth below.[3] This section does not provide for the allowance of a building as a permanent structure to expand a nonconforming use. The policy law with regard to nonconforming uses is set forth in *State ex rel. Miller v. Cain*, 40 Wn.2d 216, 221, 242 P.2d 505 (1952), quoting from *Thayer v. Board of Appeals*, 114 Conn. 15, 23, 157 A. 273 (1931):

"The ultimate purpose of zoning ordinances is to confine certain classes of buildings and uses to certain localities. The continued existence of those which are nonconforming is inconsistent with that object, and it is contemplated that conditions should be reduced to conformity as completely and as speedily as possible with due regard to the special interests of those concerned, and where suppression is not feasible without working substantial injustice, that there shall be accomplished 'the greatest possible amelioration of the offending use which justice to that use permits.' 'The accepted method of accomplishing this result is as follows: *The nonconformity is in no case allowed to increase.* It is permitted to continue until some change in the premises is contemplated by the owner, when, in so far as expedient, the authorities take advantage of this fact to compel a lessening or complete suppression of the nonconformity.' Williams, Law of City Planning and Zoning, pp. 202, 203; . . ."

[3]The only conditional standards set forth which are applicable to auto wrecking yards are found in Spokane Zoning Ordinance 4.24.060:
  b.  Conditional Standards:
      (1)  A sight-obscuring fence must be constructed and inspected prior to the issuance of a certificate of occupancy for use of the yard.
      (2)  The fence shall be a minimum of six feet in height.
      (3)  No automobile or parts thereof, junk, or salvage materials or parts thereof shall be visible from any public right-of-way. All materials or parts shall be located within the fenced area.
      (4)  Minimum lot area: One acre.
      (5)  The fence shall be of a single solid color.
      (6)  A performance bond shall be required to assure compliance with the provisions of this permit.
      (7)  The permit shall be granted for a period not to exceed two years and at the end of such period an inspection shall be made of the premises to determine the advisability of renewing such permit.

(Italics ours.) This general policy of the law respecting nonconforming uses remains unchanged.

Respondent contends that *State ex rel. Smilanich v. McCollum,* 62 Wn.2d 602, 384 P.2d 358 (1963) is controlling. In that case, however, the zoning ordinance allowed for the issuance of a conditional use permit for asphalt processing plants and established sufficient conditional guidelines. More particularly, it was contemplated that the asphalt processing plant would be temporary in nature, and not unduly detrimental to the existing, developing or projected use of the land in the surrounding area.

Judgment is reversed and the permit is revoked.

GREEN and EVANS, JJ., concur.

Petition for rehearing denied September 7, 1971.

Review granted by Supreme Court October 15, 1971.