THE STATE OF WASHINGTON, *Respondent*, v. FLOYD EDWARDS, *Appellant*.

*Walter G. Meyer, Jr.* (of *Palmer, Willis & McArdle*), for appellant.

*Lincoln E. Shropshire, Prosecuting Attorney,* and *Robert B. Royal, Deputy,* for respondent.

Evans, J.—Defendant waived a trial by jury and appeals his conviction of possessing heroin.

First, he contends he was denied equal protection of the law because the prosecuting attorney had discretion to charge him with unlawful possession of heroin under RCW 69.33, or to charge him with possession of dangerous drugs under RCW 69.40. Our Supreme Court ruled adversely to this contention in *State v. Tanksley,* 78 Wn.2d 553, 477 P.2d 926 (1970), which is controlling.

Defendant next contends the warrantless search in the instant case was an unreasonable search of his personal effects within the meaning of the Fourth Amendment. We disagree. The Yakima Police Department searched the residence of Mayfield Leonard. Included in the search was a suitcase owned by defendant in which the officers found heroin. The suitcase had been removed from the defendant's automobile and placed in the Leonard residence either by defendant or by defendant's girl friend, Shirley Coleman, with his knowledge and consent. Shirley is the stepdaughter of Mayfield Leonard and was staying temporarily in the Leonard residence during the illness of her mother. Defendant was not a guest in the Leonard home. The evening of the day defendant's suitcase was left in his home Mr. Leonard became suspicious of Shirley's activities, looked in her overnight bag and found a pill, unfamiliar to him, but which he suspected was a narcotic drug. The following morning he took it to the police and was told it appeared to be Apaprol, an amphetamine sulphate. In talking to the police Leonard was evasive as to where he had obtained the pill. Later the same day he learned that defendant had made several visits to his home that day, with others, during his absence. As a consequence he again went to the police, reported his supicion that drugs had been brought to his home and made a tacit request they search his residence.

Defendant argues the Fourth Amendment em-

bodies within it the right of people to be secure from unreasonable searches and seizures of their personal effects. Thus the owner of the premises may not consent to a search of the personal effects of another located on the premises because a warrantless search presumptively violates the right of privacy contained in the Fourth Amendment. *Katz v. United States,* 389 U.S. 347, 19 L. Ed. 2d 576, 88 S. Ct. 507 (1967). Although it is true the Fourth Amendment protects "people and not simply places" (*Katz v. United States, supra*) it is not an all-embracing manifesto for the right of privacy. It protects only reasonable expectations of privacy. *Katz v. United States, supra.* Defendant, by leaving his personal effects in the Leonard residence, could have no reasonable expectation of privacy.

The Fourth Amendment neither "denounces all searches" (*State v. Henneke,* 78 Wn.2d 147, 470 P.2d 176 (1970)), nor safeguards all personal effects (see *State v. Erho,* 77 Wn.2d 553, 463 P.2d 779 (1970)). It is tempered by the touchstone of reasonableness. The underlying test as to whether a given search is reasonable depends upon the facts, circumstances and exigencies of the situation confronting the police officers. *State v. Gibson,* 76 Wn.2d 814, 459 P.2d 22 (1969). In the instant case the Yakima police officers were confronted by the owner of a residence who had cause to believe contraband was brought into his home. Because of his concern for his own welfare and that of his family he not only consented to, but requested, the police to search his premises. A search by police under these circumstances is not only reasonable but essential, and included the right to search defendant's suitcase.

■ Next, defendant assigns error to the trial court's refusal to grant his motion to dismiss at the conclusion of the state's case, contending there was insufficient evidence to show that defendant had dominion and control of the heroin. Possession of property may be either actual or constructive. *State v. Walcott,* 72 Wn.2d 959, 435 P.2d 994 (1967); *State v. Callahan,* 77 Wn.2d 27, 459 P.2d 400 (1969). Constructive possession entails evidence that de-

fendant had dominion and control of the drugs or an ownership interest therein. *State v. Callahan, supra.* Defendant admitted to the police he owned the bag in which the heroin was found. It is reasonable to infer the owner of property retains sufficient dominion and control over it to have possession of it and its contents. See *State v. Parent,* 123 Wash. 624, 212 P. 1061 (1923); *State v. Walcott, supra; State v. Tretton,* 1 Wn. App. 607, 464 P.2d 438 (1969). Thus, considering the evidence in the light most favorable to the state, no error was committed by failing to dismiss at the end of the state's case.

 Next, defendant assigns error to the trial court's refusal to dismiss at the conclusion of all the evidence, contending there was insufficient showing defendant *knowingly* possessed the heroin found inside his suitcase. Both the direct and circumstantial evidence establishes beyond reasonable doubt that defendant had constructive possession of the suitcase and knew its contents. There is no element of guilty knowledge or intent in the charge of possession of narcotics. *State v. Mantell,* 71 Wn.2d 768, 430 P.2d 980 (1967); *State v. Henker,* 50 Wn.2d 809, 314 P.2d 645 (1957). Once possession has been shown the burden falls upon the accused to prove the defense of unwitting possession. *State v. Tretton, supra; State v. Morris,* 70 Wn.2d 27, 422 P.2d 27 (1966). Defendant claimed unwitting possession and therefore assumed the affirmative burden of proving it. *State v. Rosi,* 120 Wash. 514, 208 P. 15 (1922). Apart from defendant's own testimony there is no evidence to support his defense. The trial judge had the opportunity to observe his demeanor and credibility. The credibility of a witness is exclusively within the province of the trier of facts. *Davis v. Bader,* 57 Wn.2d 871, 360 P.2d 352 (1961). The trial court did not believe defendant's testimony. This court will not supplant its judgment for that of the trial court.

 Finally, defendant assigns error to the entry of findings of fact 5, 6 and 7, claiming they are not supported by substantial evidence. The trial court had the duty of eval-

uating the witnesses' testimony in making findings of fact, *State v. Mercy*, 55 Wn.2d 530, 348 P.2d 978 (1960), and chose to believe the state's witnesses. Those findings were based upon substantial evidence. It is not the function of this court to retry the facts. *State v. Nesrallah*, 66 Wn.2d 248, 401 P.2d 968 (1965). The findings of fact support the conclusions of law.

Judgment affirmed.

MUNSON, C.J., and GREEN, J., concur.

Petition for rehearing denied December 27, 1971.

Review denied by Supreme Court February 9, 1972.