[Nos. 870-1; 905-1. Division One—Panel 1. December 20, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. LINDA MARIE
GERKE, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. KATHLEEN MARIE
IHLER, *Appellant.*

*Sandell & Smith, Robert Earl Smith* and *James R. Short,* for appellant Ihler (appointed counsel for appeal).

*Moschetto & Alfieri* and *Michael R. Alfieri,* for appellant Gerke.

*Christopher T. Bayley, Prosecuting Attorney,* and *Kenneth W. Sharaga, Deputy,* for respondent.

WILLIAMS, J.—Kathleen Marie Ihler and Linda Marie Gerke were charged by information with the crime of unlawful possession of marijuana with intent to sell. Trial to a jury resulted in a verdict of guilty as to both defendants. Separate appeals were taken from the judgments entered upon the verdict. The appeals have been consolidated for the purpose of review.[1]

The facts necessary to be stated are these: On March 6, 1970, a police officer in Tucson, Arizona, was called on the telephone by a freight agent of an airline. The agent said that a man appearing to be extremely nervous had delivered two footlockers to the freight depot for shipment via air to appellant Ihler in Seattle. He stated that the man had declared the contents to be books and personal effects, which was inconsistent with the actual weight of the lockers. A short time later the officer inspected the lockers at the depot and smelled a distinctive odor emanating from them. The odor was of a kind often used to cover the smell of marijuana, and the footlockers were a type of container

---

[1] The facts are identical and the same basic issues were before the trial court. Motions as to the sufficiency of the evidence, arrest of judgment and new trial were made for each defendant. On appeal, appellant Gerke did not assign as error denial of the motion challenging the sufficiency of the evidence. During oral argument her counsel requested permission to argue this point and, also, the refusal of the sentencing judge to grant probation as violative of the eighth amendment to the United States Constitution, as well as article 1, section 14 of the Washington State Constitution. The motion was granted and leave given to appellant Gerke and respondent to file supplemental briefs, which they did. Because all of the pertinent issues have been presented to the trial court and to this court as to both appellants, consolidation for review is deemed appropriate.

typically used in the shipment of marijuana from Tucson. The officer pushed and pulled the sides of one of the lockers so that he could see inside. He saw what he believed to be bricks of marijuana.

The officer called the Seattle police, who were on hand the next day when appellants drove up to the airfreight office at Seattle-Tacoma International Airport. Appellant Ihler alighted from the car to take delivery of the two lockers. She signed the airway bill. Then, with the help of an airline employee, she placed one of the lockers in the trunk of the car and the other in the back seat. As soon as the lockers were loaded, the officers arrested the two women and seized the lockers. Appellant Gerke, the operator of the car, had remained in the driver's seat all the while.

The assignments of error present essentially four questions:

1. Prosecutorial Discretion

 Appellants contend that the statute under which they were convicted allowed the prosecutor unbridled discretion to charge them either with possession of marijuana, which is a misdemeanor, or with possession of marijuana with intent to sell, which is a felony, thereby denying them equal protection of the law guaranteed by the fourteenth amendment to the United States Constitution and article 1, section 12 of the Washington State Constitution. Particular classifications of crimes are reasonable if there is a difference in any of the elements of two similar crimes or either requires a difference in proof. *State v. Zornes*, 78 Wn.2d 9, 475 P.2d 109 (1970). The crime of possession of marijuana with intent to sell is different than the crime of unlawful possession of marijuana because the element of intent to sell is added and additional proof is required. The crimes are therefore different and distinct.

2. Search and Seizure

 The next question concerns the legality of the search without a warrant in Tucson. The search was legal

if the officer had probable cause to believe that the lockers contained contraband and there was insufficient time to obtain a search warrant. *Brinegar v. United States*, 338 U.S. 160, 93 L. Ed. 1879, 69 S. Ct. 1302 (1949); *Hernandez v. United States*, 353 F.2d 624 (9th Cir. 1965); *State v. Roff*, 70 Wn.2d 606, 424 P.2d 643 (1967); *State v. Wolfe*, 5 Wn. App. 153, 486 P.2d 1143 (1971); *People v. Temple*, 276 Cal. App. 2d 402, 80 Cal. Rptr. 885 (1969). Probable cause to believe that the lockers contained contraband resulted from the information given to the Arizona police officer by the airline agent and from the officer's own observations and experience. The officer testified that the freight was due to be shipped within 2½ hours after he arrived at the airport and that it was not possible to obtain a search warrant during that period. There is evidence that the officer did not have the power, as appellants contend, to order the airlines to halt the interstate shipment in order to gain sufficient time to secure a search warrant. The impracticality of securing the warrant was thereby established.

3. Sufficiency of the Evidence as to Possession

There were about 80 pounds of marijuana in the two footlockers. Appellant Ihler was the consignee, went to the airfreight office, signed the airway bill, took control, and directed the loading aboard the car. The jury could reasonably determine that these events established her possession of the marijuana and placed upon her the burden of explaining that possession as unwitting, lawful, or otherwise excusable. Laws of 1970, Ex. Ses., ch. 33, § 1, p. 237, *as amended*; RCW 69.50.506; *State v. Morris*, 70 Wn.2d 27, 422 P.2d 27 (1966).

The evidence standing against appellant Gerke is that she drove up in the car, parked, and sat in the driver's seat with a small child while the lockers were brought out. A partially consumed cigarette of marijuana was in the glove compartment of her car. She had known appellant Ihler for about 2 months and had been in contact with her either by telephone or in person about once a week during that period. Appellant Ihler had called asking appellant Gerke for

transportation to pick up some trunks for a friend. Sometime between the time of arrest and the trial, appellant Ihler rented a house from appellant Gerke and her husband.

Respondent contends that this evidence gave appellant Gerke dominion and control over the marijuana and therefore constructive possession as in the case of *State v. Potts,* 1 Wn. App. 614, 464 P.2d 742 (1969), wherein the sole occupant of a car containing marijuana was held to have possession of it because he exercised dominion and control of the "premises." It is then argued that once dominion and control of the vehicle was established, appellant Gerke had the burden of explaining the lawfulness of the possession, which she did not do, and is therefore guilty.

█ The underlying principle which allows placing upon a possessor of contraband the burden of showing that possession was unwitting or lawful is well stated by Mr. Justice Cardozo in *Morrison v. California,* 291 U.S. 82, 88, 78 L. Ed. 664, 54 S. Ct. 281 (1933):

> The decisions are manifold that within limits of reason and fairness the burden of proof may be lifted from the state in criminal prosecutions and cast on a defendant. The limits are in substance these, that the state shall have proved enough to make it just for the defendant to be required to repel what has been proved with excuse or explanation, or at least that upon a balancing of convenience *or of the opportunities for knowledge* the shifting of the burden will be found to be an aid to the accuser without subjecting the accused to hardship or oppression. Cf. Wigmore, Evidence, Vol. 5, §§ 2486, 2512 and cases cited.

(Italics ours.)

█ It follows from this rule that in order to give rise to the presumption of unlawfulness, the circumstances and duration of the possession of contraband must afford the possessor the opportunity of discovering what it is that he possesses. There may be situations in which the possessor can reasonably be said to know the character of the thing the moment it comes under his control. We believe that the

jury could find that appellant Ihler's possession was of this sort. A reasonable inference of knowledge of the item possessed can come from an extended period of control of the premises. *State v. Weiss*, 73 Wn.2d 372, 438 P.2d 610 (1968) is an example of this. *See also State v. Emerson*, 5 Wn. App. 630, 489 P.2d 1138 (1971). In the case of appellant Gerke, the state conclusively proved that she had no chance to ascertain the content of the lockers. The police officer who had her car under surveillance stated: "We approached the car and quickly placed the two ladies under arrest as soon as the packages had been placed in the vehicle."

Neither was there evidence describing circumstances from which knowledge on the part of appellant Gerke could be inferred. Her acquaintance with respondent Ihler was casual, the favor of furnishing transportation to accomplish an errand commonplace, and there is not much to be learned these days from the presence of a partially consumed cigarette of marijuana in the glove compartment of a car. We therefore hold that the character of appellant Gerke's relationship to the lockers did not give rise to the presumption of unlawful possession which would lead to the legal consequence of requiring her to come forward with an excuse or explanation. Without additional evidence, and there is none, the facts developed by the state demonstrate, at most, unwitting, momentary possession. *State v. Callahan*, 77 Wn.2d 27, 459 P.2d 400 (1969).

Respondent in its supplemental brief asserts that appellant Gerke is guilty because she was part of a conspiracy or scheme to transport contraband interstate. This may be so, although there is no evidence of it. Nor is there evidence that she aided or abetted in the perpetration of the crime, because that, too, requires *proof of knowledge* of the wrongful purpose of the perpetrator. *State v. Hinkley*, 52 Wn.2d 415, 325 P.2d 889 (1958).

4. Sufficiency of the Evidence of Intent to Sell

A reasonable inference of intent to sell could properly be drawn by the jury from the possession by appellant Ihler

of 80 pounds of marijuana. *State v. Fitzpatrick,* 5 Wn. App. 661, 491 P.2d 262 (1971).

We have considered the other assignments of error. Enumeration and discussion of them would serve no useful purpose.

The judgment is affirmed as to appellant Ihler; reversed with direction to dismiss as to appellant Gerke.

HOROWITZ, C.J., concurs.

UTTER, J. (concurring)—I concur as to the defendant Gerke.