[No. 609-3.    Division Three.    April 9, 1973.]

THE STATE OF WASHINGTON, *Respondent*, v. LOUIS FALARDEAU PAUL, *Appellant.*

*Robert A. Castrodale,* for appellant (appointed counsel for appeal).

*Charles R. Byrd, Prosecuting Attorney,* for respondent.

MUNSON, J.—Defendant appeals from a judgment entered April 12, 1972, which embodied a conviction for taking a motor vehicle without the permission of the owner, and a determination that he was an habitual criminal.

The sole issue presented upon this appeal, although arising in two different instances, relates to the use of prior convictions. During the initial trial on the charge of taking a motor vehicle without the owner's permission, defendant took the stand in his own behalf. He admitted to six convictions in the province of British Columbia, Canada. On cross-examination, the state enlarged upon the question of prior convictions by asking defendant more specific ques-

tions concerning the convictions and resultant sentences; the state also inquired about a couple of other prior convictions which had not previously been admitted by defendant during direct examination. However, the latter convictions primarily involved misdemeanor offenses and fade into insignificance when considered in relation to the seriousness of the felony offenses to which defendant did admit during his direct examination.

■ In *Burgett v. Texas*, 389 U.S. 109, 114-15, 19 L. Ed. 2d 319, 324-25, 88 S. Ct. 258 (1967), Justice Douglas, speaking for the court, stated:

*Gideon* v. *Wainwright* [372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A.L.R.2d 733 (1963)] established the rule that the right to counsel guaranteed by the Sixth Amendment was applicable to the States by virtue of the Fourteenth, making it unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one. And that ruling was not limited to prospective applications. . . . Presuming waiver of counsel from a silent record is impermissible. . . . To permit a conviction obtained in violation of *Gideon* v. *Wainwright* to be used against a person either to support guilt or enhance punishment for another offense . . . is to erode the principle of that case.

The same rationale was used in *United States v. Tucker*, 404 U.S. 443, 30 L. Ed. 2d 592, 92 S. Ct. 589 (1972).

In *Loper v. Beto*, 405 U.S. 473, 31 L. Ed. 2d 374, 92 S. Ct. 1014 (1972) a majority of the court held that the *Burgett* rule, as it emanated from *Gideon v. Wainwright*, 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A.L.R.2d 733 (1963) was to be given retroactive application.

Hence, the rule now is that the use of prior convictions for the purpose of impeachment or enhancement of punishment shall not be allowed unless it shall appear upon the record that the defendant was afforded counsel at the prior hearing or, in fact, made a valid waiver of counsel.

■ In the instant case, defendant admitted, during direct examination, prior convictions in British Columbia, Canada, as well as one prior conviction in this state. The

record, with respect to the prior convictions in British Columbia, is silent as to whether defendant was afforded counsel or waived counsel. Defendant's counsel now states that it should be obvious to all that defendant's admission of these prior convictions early in his direct examination, was an attempt to place that fact before the jury in anticipation that the state would surely raise these matters during cross-examination. In light of the subsequent habitual criminal proceeding, defense counsel was probably correct in this latter assumption. Defendant had a choice to admit these convictions or not during direct examination. *State v. Evans*, 145 Wash. 4, 258 P. 845 (1927). He chose to make the admissions. Admittedly, the decisions in *United States v. Tucker, supra,* and *Loper v. Beto, supra,* had not been rendered at the time of this trial. However, *Burgett v. Texas, supra,* antedated this trial. Having so testified on his direct examination, he cannot now challenge proper cross-examination within the scope of his direct testimony. We find no merit to the alleged constitutional violation in light of defendant's own admission of his prior convictions during direct examination. *State v. Portrey,* 6 Wn. App. 380, 385, 492 P.2d 1050 (1972).

During trial on the supplemental information alleging defendant to be an habitual criminal, the state called, among other witnesses, the court reporter from the initial trial. She testified to defendant's admissions regarding prior convictions during the initial trial. Permitting this testimony sanctioned the use of the admissions of prior convictions for the purpose of enhancing punishment. The record was further enhanced by exemplified copies of the convictions in the province of British Columbia. The copies do not reflect that defendant was either represented by counsel or waived counsel in those proceedings. The question raised here is not whether the laws of Canada require counsel to be furnished; the question is whether the courts of this country can admit into evidence either testimony or exemplified copies of judgments which do not reveal that defendant was represented by counsel or that he made a valid

waiver thereof. We hold trial courts cannot admit either testimony or exemplified copies of prior convictions which do not comply with the constitutional standards as laid down by the United States Supreme Court in *Gideon v. Wainwright, supra; Burgett v. Texas, supra; United States v. Tucker, supra;* and *Loper v. Beto, supra.* Thus, the admission of this evidence was prejudicial error.

Therefore, we affirm defendant's conviction for taking a motor vehicle without the owner's permission and remand the case to the trial court either for (a) a hearing to determine whether defendant was provided counsel or made a valid waiver of the assistance of counsel in his prior convictions in British Columbia, or (b) resentencing without consideration of whether defendant is an habitual criminal.

GREEN, C.J., and McINTURFF, J., concur.