[No. 1733-1.  Division One.  September 17, 1973.]

THE STATE OF WASHINGTON, *Respondent,* v. HARVEST EDWARDS et al., *Appellants.*

*Woodrow A. Wallen, R. Stewart Bock,* and *Richard G. Martinez,* for appellants (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Philip Y. Killien, Deputy,* for respondent.

WILLIAMS, J.—Harvest Edwards, his wife, Estelle Edwards, and James Abel were charged by information with violation of the Uniform Controlled Substances Act. The trial to the court, sitting without a jury, resulted in a judgment of guilty. From this judgment, the defendants appeal.

The facts are these: For about two months prior to January 19, 1972, Seattle Police Department detectives conducted a surveillance of a unit of an apartment house in Seattle. During that period, they saw Abel coming and going about 24 times, Harvest Edwards about 20 times, and Estelle Edwards on about 12 occasions. In addition, they observed a number of persons, most of whom were known to them as participants in heroin traffic in the Seattle area, go into the apartment for short periods.

On January 19, 1972, detectives of the department knocked and then broke and entered the apartment on the authority of a search warrant, the validity of which is not challenged. The two Edwards and Abel were inside. Harvest Edwards was dressed in underwear, Estelle Edwards was in the kitchen, where food was cooking, and Abel was in the passageway between the living room and bedroom. In searching the premises, the detectives found four balloons of heroin on the floor of a closet, which also contained men's and women's clothing. One balloon of heroin was discovered on the bathroom floor behind the toilet. Abel's health card, a bond receipt issued to him and drug injection paraphernalia were also found.

There was nothing unusual about the apartment except that the front door had been double locked and barred, the

back door was triple locked and barred, and all windows were covered with plywood on the inside. .

■■■■ Although there are several assignments of error, the issue in the case is whether there was sufficient evidence of proof of possession, actual or constructive, of the proscribed drug. The test of constructive possession is dominion and control over the goods. *State v. Callahan*, 77 Wn.2d 27, 459 P.2d 400 (1969); *State v. Walcott*, 72 Wn.2d 959, 435 P.2d 994 (1967); *State v. Gerke*, 6 Wn. App. 137, 491 P.2d 1316 (1971); *State v. Edwards*, 5 Wn. App. 852, 490 P.2d 1337 (1971). There is no element of guilty knowledge or intent in the charge of possession of narcotics. *State v. Edwards, supra*; *State v. Mantell*, 71 Wn.2d 768, 430 P.2d 980 (1967).

■■■■ There is sufficient evidence of dominion and control over the property alleged to be possessed to support the trial court's finding that there was constructive possession. In addition to the frequent use of the premises, the "at home" atmosphere prevailing, and the close proximity of the three parties to the heroin, there is one other circumstance which should be considered. One of the characteristics of the act of possession is the exclusion of others. This exclusion was certainly accomplished by the barricaded windows and multiple lockings on the doors. These circumstances serve to distinguish this case from *State v. Callahan, supra*, in which the Supreme Court determined on the facts there presented that there was only a casual connection between the proscribed drug and the defendant. The place was a fortress and it was not unreasonable for the trial judge to find that the occupants exercised dominion and control of the contents to the exclusion of all others.

■■■■ Harvest Edwards assigns error to the state's filing a supplemental information charging him with being an habitual criminal. There is no record that he presented this question to the trial court and we cannot consider it on appeal. *State v. Louie*, 68 Wn.2d 304, 413 P.2d 7 (1966).

The judgment is affirmed.

FARRIS and CALLOW, JJ., concur.

Petition for rehearing denied November 29, 1973.