[No. 5462–1.   Division One.   July 3, 1978.]

THE STATE OF WASHINGTON, *Respondent*, v. MARCEL CERLLON WILSON, *Appellant*.

Richey & Hohlbein and Jack A. Richey, for appellant (appointed counsel for appeal).

Christopher T. Bayley, Prosecuting Attorney, and Philip Y. Killien, Deputy, for respondent.

FARRIS, C.J.—Marcel Wilson was convicted of unlawful possession with intent to deliver heroin. He appeals. We affirm.

Wilson was on parole at the time of his arrest. He had previously pleaded guilty to a charge of selling heroin, had

been a heroin user and had served time in a federal institution. He raises four issues on appeal.

On direct examination, Wilson was questioned as to his prior conviction and incarceration for selling heroin. He responded with comments concerning his rehabilitation in a drug program and stated that he continued to be monitored in that program. On cross–examination, the prosecutor pursued the issue of parole. Wilson claims that this questioning was grounds for a mistrial because it prejudicially placed excessive significance on his prior record and unconstitutionally impaired his right to testify in his own behalf by diminishing the effectiveness of his testimony.

■ The subject of Wilson's parole was raised on direct examination in an apparent attempt to show his rehabilitation and to establish his credibility. By testifying as to his prior conviction, incarceration and parole, Wilson opened the door to cross–examination on these subjects. *State v. Mattox,* 12 Wn. App. 907, 911, 532 P.2d 1194 (1975); *State v. Paul,* 8 Wn. App. 666, 668, 508 P.2d 1033 (1973). We find no abuse of discretion in denying the motion for mistrial. *State v. Mattox, supra; State v. Paul, supra.*

Wilson's constitutional challenge to RCW 10.52.030, which allows use of prior convictions to impeach is not well founded. His challenges have been considered and rejected in *State v. Ruzicka,* 89 Wn.2d 217, 233, 570 P.2d 1208 (1977).

During cross–examination concerning the automobile in which the heroin was discovered, the prosecutor asked Wilson: "Isn't it true you used that Cadillac to run heroin from Mexico up to Seattle?" The prosecutor then questioned the witness as follows:

Q Mr. Wilson, would you tell us what the term "rip–off" means?
A Rip–off to me?
Q Yes.
A It means somebody is just taking something that belongs to you.
Q Specifically, it relates to drug sellers?
A I don't know.

Q  Now, come on, Mr. Wilson.

A  Well, you should know that better than I.

Wilson then moved for a mistrial and to strike the testimony. The court denied the motions. Wilson claims that this questioning constituted prejudicial prosecutorial misconduct.

Prosecutorial misconduct requires reversal only if there is a substantial likelihood that the misconduct affected the verdict and thus deprived the defendant of his right to a fair and impartial trial. *State v. Music,* 79 Wn.2d 699, 715, 489 P.2d 159 (1971); *State v. Stamm,* 16 Wn. App. 603, 614, 559 P.2d 1 (1976). Similarly, a mistrial should be declared only if some occurrence has interfered with the judgment of the jury or has so tainted the proceedings that the defendant cannot receive a fair trial. *State v. Brooks,* 16 Wn. App. 535, 539, 557 P.2d 362 (1976). While we do not commend the tactics and questioning of the prosecutor, a review of the record, particularly the other evidence of Wilson's previous drug–related activities, precludes our holding that the trial court erred in denying the motion for mistrial.

Wilson's third contention is that the trial court erred in giving instruction No. 6 and in failing to give his proposed instruction No. 2. Instruction No. 6 reads:

> Possession means simply the owning or having a thing in one's power. It may be either actual or constructive. Actual possession occurs when the property is in the personal custody of the person charged with possession. Constructive possession occurs when there is no present actual physical possession, but the exercise of dominion and control over the thing possessed. Possession may be singular or joint.
>
> The unlawful possession of a controlled substance may, therefore, be either an actual or constructive possession.

Defendant's proposed instruction No. 2 reads:

> You are instructed that possession of property may be of two types, actual or constructive. Actual possession means that the goods are in the personal custody of the person charged with possession. Constructive possession

means that the goods are not in actual, physical possession, but that the person charged with possession has dominion and control over the goods.

*You are further instructed that possession, whether actual or constructive, is characterized by the capacity to exclude others from possessing the article in question, though such possession need not be exclusive in one person.*

(Italics ours.) Wilson contends that omission of the italicized portion of his proposed instruction was highly prejudicial to him because it deprived him of the opportunity to adequately argue his theory of the case that the heroin belonged to other persons and that many other persons frequented the house where the heroin was discovered and had access to the automobile in which the heroin was found.

■ Where an instruction correctly states the law, it is sufficient if when considered in conjunction with all of the other instructions, it allows counsel to satisfactorily argue his theory of the case to the jury. *State v. Wanrow,* 88 Wn.2d 221, 236, 559 P.2d 548 (1977); *State v. Kindred,* 16 Wn. App. 138, 141, 553 P.2d 121 (1976). Instruction No. 6 met those requirements.

■ Wilson relies on *State v. Edwards,* 9 Wn. App. 688, 514 P.2d 192 (1973) for his contention that the jury should have been instructed regarding capacity to exclude others. All factors mentioned in *State v. Edwards, supra,* need not be set out in the instructions. Wilson could argue capacity to exclude others (and any other relevant circumstances) as a factor to be considered in determining whether dominion and control in fact existed under the instructions given.

■ Wilson's final contention is that the court's instruction No. 7 violated his right to due process of law. The challenged instruction reads as follows:

If you find from the evidence that the defendant was in possession of a controlled substance on or about the date charged, a presumption arises that possession was unlawful.

The burden of showing that such controlled substance was lawfully, unwittingly or excusably possessed is then on the defense and may be proved by evidence sufficient to raise in your minds a reasonable doubt as to the unlawfulness of said defendant's possession of such controlled substance.

Wilson did not except to the giving of the instruction at trial. The error is first raised on appeal. We consider it because it raises a significant constitutional issue, *State v. Kroll,* 87 Wn.2d 829, 839, 558 P.2d 173 (1976), even though a timely objection, with grounds, would have enabled the trial court to take appropriate action, if any.

Wilson bases his claim on two grounds: (1) the instruction stated that the presumption of unlawfulness of possession arose upon a finding of possession rather than a finding of possession beyond a reasonable doubt and (2) it unconstitutionally shifted to him the burden of proving that possession was unwitting.

Wilson relies upon *State v. Alcantara,* 87 Wn.2d 393, 552 P.2d 1049 (1976), *State v. Kroll, supra, State v. Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977), *State v. Colwash,* 88 Wn.2d 468, 564 P.2d 781 (1977) and *United States v. Scott,* 425 F.2d 55 (9th Cir. 1970), where the challenged presumption was held invalid because it relieved the prosecution of the burden of proving every element of a crime beyond a reasonable doubt and shifted the burden to the accused to disprove the existence of a necessary element.

These cases are inapposite here where the presumption relates to an affirmative defense and merely shifts the burden to the defendant to establish his affirmative defense. *Patterson v. New York,* 432 U.S. 197, 53 L. Ed. 2d 281, 97 S. Ct. 2319 (1977).

Statutory and judicial presumptions are not ipso facto unconstitutional. We considered a similar question in *State v. Boyer,* 19 Wn. App. 338, 576 P.2d 902 (1978), where we resolved the issue contrary to Wilson's position. The rule that once possession of a controlled substance is established, the burden of explaining the lawfulness of the

possession shifts to the defendant is sound and well established.

The underlying principle which allows placing upon a possessor of contraband the burden of showing that possession was unwitting or lawful is well stated by Mr. Justice Cardozo in *Morrison v. California,* 291 U.S. 82, 88, 78 L. Ed. 664, 54 S. Ct. 281 (1933):

> The decisions are manifold that within limits of reason and fairness the burden of proof may be lifted from the state in criminal prosecutions and cast on a defendant. The limits are in substance these, that the state shall have proved enough to make it just for the defendant to be required to repel what has been proved with excuse or explanation, or at least that upon a balancing of convenience *or of the opportunities for knowledge* the shifting of the burden will be found to be an aid to the accuser without subjecting the accused to hardship or oppression. Cf. Wigmore, Evidence, Vol. 5, §§ 2486, 2512 and cases cited.

*State v. Gerke,* 6 Wn. App. 137, 141, 491 P.2d 1316 (1971).

The instruction in this case was proper. The evidence established that Wilson was in possession of heroin and offered no plausible explanation for such possession consistent with innocence. It was sufficient to enable the jury to find beyond a reasonable doubt that Wilson unlawfully possessed the heroin. The inference satisfies the reasonable doubt standard and is constitutional. *See Barnes v. United States,* 412 U.S. 837, 846 n.11, 37 L. Ed. 2d 380, 93 S. Ct. 2357 (1973). As a practical matter in such cases, it is the defendant who is peculiarly placed to present evidence regarding his knowledge or lack of knowledge. The instruction does not place upon the defendant the burden of disproving an element of the crime. *Cf. Mullaney v. Wilbur,* 421 U.S. 684, 703, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975); *Patterson v. New York, supra; State v. Roberts, supra.* Rather, the instruction correctly states that the defendant must *raise a reasonable doubt* as to the unlawfulness of his possession. *See Barnes v. United States, supra.* It correctly states Washington law, *State v. Morris,* 70 Wn.2d 27, 34, 422 P.2d 27 (1966), *State v. Emerson,* 5 Wn. App. 630, 635,

489 P.2d 1138 (1971), and is not unconstitutional, since as explained by the instructions as a whole, the ultimate burden of proving guilt beyond a reasonable doubt remained with the State. *Mullaney v. Wilbur, supra* at 702 n.31; *Barnes v. United States, supra.*

The State must prove either actual or constructive possession. *State v. Callahan,* 77 Wn.2d 27, 29, 459 P.2d 400 (1969). The defendant may explain away the possession as unwitting, lawful or otherwise excusable. *State v. Morris, supra; State v. Emerson, supra.* Failure to do so will result in conviction. It is not unconstitutional to require a defendant to establish his affirmative defense. *Patterson v. New York, supra.*

Affirmed.

JAMES and RINGOLD, JJ., concur.