[No. 4323–II.   Division Two.   May 18, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. JOSEPH
THOMAS CALDWELL, *Appellant.*

*Peter Kram,* for appellant.

*Don Herron, Prosecuting Attorney,* and *Joseph D.
Mladinov, Senior Deputy,* for respondent.

PEARSON, J.—Joseph Thomas Caldwell appeals his first
degree robbery conviction arising from a July 1979 holdup

of a store in Tacoma. On appeal he challenges a ruling that allowed his parole officer to testify about his prior criminal convictions. This testimony was allowed for impeachment purposes after he refused to admit those convictions upon both direct and cross–examination. He also argues that admission of testimony concerning his prior convictions resulted in a denial of due process because there was no proof he was represented by counsel at the time of those convictions.[1] We affirm.

In September 1979, defendant was tried before a jury upon the charge of first degree robbery. During the State's case in chief, no references were made to defendant's prior convictions for rape, sodomy, and assault, but after the State had rested, defendant was repeatedly asked, upon direct examination by his own counsel, whether he had ever been convicted of a crime. Each time defendant refused to answer, expressing his view that the questions were irrelevant. Upon cross–examination by the State, defendant again refused to admit his prior convictions, and at one point clearly denied them.[2]

---

[1]These arguments, among others, are advanced by defense counsel but defendant makes numerous other assignments of error in his pro se brief, which because of their lack of arguable merit we decline to consider.

[2]Upon cross–examination of defendant, the following testimony was elicited:
"Q Now, Mr. Caldwell, aside from your feeling that it is irrelevant or not, you have been convicted of two counts of armed robbery, haven't you?
"A That's irrelevant.
"Q You have also been convicted of second–degree assault and sodomy, haven't you?
"A No. That's irrelevant.
"Q It is irrelevant; but you have been convicted of them, haven't you?
"A No.
"Q No.
"A It's irrelevant.
"Q Are you telling me that you haven't been convicted of those things, sir?
"A That's irrelevant.
    "[DEFENSE COUNSEL]: I will object to this. It has been answered.
    "THE COURT: Overruled.
    "[DEPUTY PROSECUTOR]: Your Honor, it hasn't been answered.
"Q [By Dep. Pros.]: Are you telling me that you have not been convicted?
"A It's irrelevant.

During rebuttal, the State introduced for impeachment purposes the testimony of defendant's parole officer regarding his prior convictions. The State did not attempt to prove the prior convictions in the proper way by producing public records thereof, nor did the State affirmatively show that defendant was represented by counsel at the time his prior convictions were obtained.

Defense counsel objected at trial to admission of the parole officer's testimony on grounds of relevancy and lack of personal knowledge. On appeal, however, admission of the parole officer's testimony is challenged on the different grounds that (1) it was inadmissible hearsay, see ER 801(c); (2) unless the State introduced public records probative of defendant's prior convictions, it was bound by his denial of them on cross–examination, *State v. Payne,* 6 Wash. 563, 34 P. 317 (1893); and (3) prior convictions not shown to have been obtained while defendant was represented by counsel may not be used in a subsequent criminal trial, even for the limited purpose of impeachment. *See State v. Weygandt,* 20 Wn. App. 599, 581 P.2d 1376 (1978); *State v. Paul,* 8 Wn. App. 666, 508 P.2d 1033 (1973).

The primary issue on appeal is whether the trial court committed reversible error by allowing the State to impeach defendant by prior convictions introduced through the hearsay testimony of his parole officer, rather than by means of public records, and without any showing that at the time those prior convictions were obtained defendant was represented by counsel.

Assuming arguendo that the issue was sufficiently preserved or was of constitutional magnitude so that we should review it, despite the fact it may not have been preserved, *State v. McHenry,* 88 Wn.2d 211, 558 P.2d 188 (1977), and assuming arguendo it was error to allow the impeachment evidence, we are convinced that the error was harmless beyond a reasonable doubt.

---

"Q You are saying, 'It's irrelevant'?
"A I'm saying the whole question is irrelevant."

The State has satisfied us by appropriate means that defendant was in fact convicted of the crimes testified to by the parole officer and that the convictions were validly obtained while defendant was represented by counsel. A new trial would serve no purpose, since the proper proof of those convictions is available. We hold, therefore, the error committed by allowing the parole officer's testimony was in fact harmless error beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824, 24 A.L.R.3d 1065 (1967); *accord, State v. Stephens,* 93 Wn.2d 186, 607 P.2d 304 (1980).

Furthermore, a reversal on these grounds would permit defendant to profit by his own misconduct, misconduct bordering on perjury. Whether or not we choose to label defendant's behavior on the witness stand as perjury, his refusal to admit his prior convictions was clearly an attempt to conceal the truth. The United States Supreme Court has frequently addressed, in a different context, the propriety of impeaching less than candid witnesses by means of otherwise inadmissible evidence. In *Walder v. United States,* 347 U.S. 62, 65, 98 L. Ed. 503, 507, 74 S. Ct. 354 (1954), where the court permitted physical evidence, inadmissible in the case in chief, to be used for impeachment purposes, the court states, "[T]here is hardly justification for letting the defendant affirmatively resort to perjurious testimony in reliance on the Government's disability to challenge his credibility." (Footnote omitted.) Similarly in *Harris v. New York,* 401 U.S. 222, 225, 28 L. Ed. 2d 1, 4, 91 S. Ct. 643 (1971), where the court allowed the admission of testimony for impeachment purposes which would not have been admissible in the case in chief because of *Miranda* violations (*Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966)), the court stated, "Every criminal defendant is privileged to testify in his own defense, or to refuse to do so. But that privilege cannot be construed to include the right to commit perjury."

We hold the principles of these cases should apply to the

facts of this case to buttress our conclusion that the error
was harmless beyond a reasonable doubt.

Judgment and sentence affirmed.

REED, C.J., and PETRICH, J., concur.