[No. 12858–2–I.   Division One.   May 14, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. HARRY
SCOTT LAWSON, *Appellant.*

*Julie A. Kesler* and *Carey L. Critchlow* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Barbara Corey–Boulet* and *Jesse O. Franklin, Deputies,* for respondent.

RINGOLD, J.—A juvenile, Harry Scott Lawson, appeals his conviction for unlawful consumption of alcohol. He alleges the State failed to prove unlawful consumption, an element of the charge, and challenges the sufficiency of the evidence. We find no error and affirm.

The only evidence presented by the State at the fact–finding hearing was the testimony of a police officer who stated that he went to a Seattle park at 3 a.m. to break up a fight between a large group of youths. He testified that Lawson was moving around the area "screaming and yelling" and refused to leave when told to do so. The officer said that Lawson's actions were not steady and sure, and his speech "didn't make sense." He also smelled alcohol on Lawson's breath. It was the officer's opinion that Lawson had been drinking.

A defense motion to dismiss for failure to state a prima facie case was denied. Lawson's mother and a friend testified that Lawson was not drinking that evening. Lawson was found guilty of unlawful consumption of alcohol in violation of RCW 66.44.270 and .290.

### ELEMENTS OF UNLAWFUL CONSUMPTION

RCW 66.44.270 reads in part:

> Except in the case of liquor given or permitted to be given to a person under the age of twenty–one years by his parent or guardian for beverage or medicinal purposes, or administered to him by his physician or dentist for medicinal purposes . . . It is unlawful for any person under the age of twenty–one years to acquire or have in his possession or consume any liquor except as in this section provided and except when such liquor is being used in connection with religious services.

Lawson argues that under the plain language of the statute, there are three elements which the State must prove to establish unlawful alcohol consumption: (1) the individual

is under 21 years old; (2) consumed alcohol; and (3) the consumption was not within one of the statutory exceptions. He contends that the State did not offer any evidence on the third element, so it was error to deny the defense motion to dismiss for failure to establish a prima facie case.

▮ Nonexistence of defenses directly negating a statutory element generally must be shown by the State as an element of the crime. *See, e.g., State v. Hanton,* 94 Wn.2d 129, 614 P.2d 1280, *cert. denied,* 449 U.S. 1035 (1980) (State must prove absence of self–defense when put in issue); *Criminal Law—Affirmative Defenses in the Washington Criminal Code—The Impact of Mullaney v. Wilbur, 421 U.S. 684 (1975),* 51 Wash. L. Rev. 953, 959 (1976). The defendant may be required to establish affirmative defenses. *See, e.g., State v. Wilson,* 20 Wn. App. 592, 597, 581 P.2d 592 (1978). The issue here is whether the three statutory exceptions are affirmative defenses which the defendant must raise, or whether absence of the exceptions is an element of the charge which the State must prove beyond a reasonable doubt.

Guidelines for determining what constitutes an affirmative defense are set out in *McGuire v. Seattle,* 31 Wn. App. 438, 443, 642 P.2d 765 (1982), *review denied,* 98 Wn.2d 1017 (1983):

> [T]he state shall have proved enough to make it just for the defendant to be required to repel what has been proved with excuse or explanation, or at least that upon a balancing of convenience or of the opportunities for knowledge the shifting of the burden will be found to be an aid to the accuser without subjecting the accused to hardship or oppression. Cf. Wigmore, Evidence, Vol. 5 §§ 2486, 2512 and cases cited.

*Morrison v. California,* 291 U.S. 82, 88–89, 78 L. Ed. 664, 54 S. Ct. 281 (1933)[.]

Lawson argues that the State has the burden of proving that (1) the liquor was not given to him by a parent or guardian and (2) the liquor was not administered for medicinal purposes or in connection with religious services. He analogizes the unlawful consumption statute to the bail

jumping statute analyzed in *State v. Primrose,* 32 Wn. App. 1, 645 P.2d 714 (1982).[1] The bail jumping statute reads in part: "knowingly fails without lawful excuse to appear as required". Former RCW 9A.76.170. The court found this "plain language" makes absence of a lawful excuse an element of the crime which the State must prove beyond a reasonable doubt. The court held that it was error to instruct the jury that the defendant failed, as a matter of law, to establish lawful excuse.

It is within the defendant's knowledge and ability to establish the existence of one of the statutory exceptions to the charge of unlawful consumption. Requiring the State to prove the absence of the exceptions beyond a reasonable doubt would be a time consuming burden, often impossible to sustain in the light of a defendant's right not to testify. Acceptance of Lawson's contention would require the State to prove, in every case, from whom the juvenile acquired the liquor. It is not an "undue hardship" to require the defendant to come forward with evidence of a defense, if one exists. The elements of a violation of RCW 66.44.270, .290 are: (1) possession or consumption of alcohol (2) by a person under 21 years of age. The State need prove only these two elements to establish a prima facie case.

Under the *McGuire* guidelines we find it is appropriate

---

[1]RCW 66.44.270, .290 are more comparable to RCW 69.50, the Uniform Controlled Substances Act (UCSA) because the gravamen of both offenses is unlawful possession of a specified substance. The UCSA, however, specifically provides that "[i]t is not necessary for the state to negate any exemption or exception . . ." RCW 69.50.506. The State need prove only possession of controlled substances to establish illegal possession of controlled substances. *State v. Mantell,* 71 Wn.2d 768, 770, 430 P.2d 980 (1967). The defendant may then affirmatively defend against the charge by showing that the possession was unwitting, with a prescription, or otherwise lawful. *State v. Wilson,* 20 Wn. App. 592, 581 P.2d 592 (1978). The drug possession statutes are similar to the alcohol consumption statute: possession of either substance is presumptively unlawful. The defendant may rebut the presumption by establishing the existence of one of the statutory exceptions. The rationale for this judicial interpretation is the same as that which apparently motivated the Legislature when it enacted RCW 69.50.506.

to put the burden of establishing the existence of one of the statutory exceptions on the defendant.

### SUFFICIENCY OF THE EVIDENCE

Lawson also contends that there was insufficient evidence to support a conviction even if the State is not required to prove "unlawfulness," because the State did not show beyond a reasonable doubt that Lawson drank liquor. According to Lawson, the only testimony of consumption was that of the officer who could not clearly remember the events and did not perform any tests to determine if Lawson had been drinking. Lawson, his mother and friend, testified that Lawson had not been drinking. He argues that this evidence does not rise above "mere probability or suspicion" which is insufficient to support a conviction.

The standard of review is whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Italics omitted.) *State v. Green,* 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979)). The appellate court must defer to the trier of fact who resolves conflicting testimony, weighs the evidence, and draws reasonable inferences from the testimony. *Green; State v. Gerber,* 28 Wn. App. 214, 216, 622 P.2d 888 (1981). The police officer's testimony established that the officer could smell alcohol on Lawson's breath from a distance of 2 feet; that Lawson's words were somewhat unclear and lacked sense; and that Lawson's physical actions were not steady or sure. This provided substantial evidence from which a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The trial court did not err in finding the defendant guilty of consumption of alcohol by a minor.

The disposition order is affirmed.

CORBETT, A.C.J., and WILLIAMS, J., concur.