[No. 15337-8-II. Division Two. January 28, 1994.]

THE STATE OF WASHINGTON, *Respondent,* v. DAVID R. HUNDLEY, *Appellant.*

*Kenneth G. Johnson,* for appellant.

*Nelson E. Hunt, Prosecuting Attorney,* and *Douglas E. Jensen, Deputy,* for respondent.

SEINFELD, J. — David Hundley appeals his convictions of possession of cocaine and of heroin. At his bench trial, Hundley claimed that he believed the 0.5 grams of green-brown vegetable matter that the police found in his wallet to be incense or potpourri. He further claimed that he had received the material as an unsolicited free sample from a mail order company. On appeal, Hundley challenges the sufficiency of the evidence. He also contends that the trial court erred in requiring him to bear the burden of proving unwitting possession by a preponderance of the evidence. We reverse.

## FACTS

In a search incident to Hundley's arrest for fourth degree assault, Lewis County Sheriff's Deputy Frederick Wetzel discovered in Hundley's wallet a small plastic bag containing the 0.5 grams of green-brown vegetable material.[1] Wetzel sent the bag to the Washington State Patrol Crime Laboratory.

Using a portion of the material, state forensic scientist Greg Frank tested for the presence of marijuana. This test was negative. Frank then used another portion to perform an extraction procedure designed to eliminate plant material that can obscure detection of controlled substances. He tested the extract in a gas chromatograph mass spectrometer (GCMS).

According to trial testimony, GCMS testing can detect amounts of a substance measured in micrograms, a millionth of a gram, or in nanograms, a billionth of a gram. Other testimony indicated that when the test results match standard graphs produced earlier using the same equipment and techniques on known substances, the GCMS test is definitive. Frank's GCMS test of the material indicated the presence of both heroin and cocaine. Arnold Mellinkoff reviewed the data generated by Frank's tests and concurred in his conclusion that the material contained heroin and cocaine.

Hundley submitted the remaining untested material to a different laboratory for testing. Raymond Grimsbo received .12 grams of the material and tested .05 grams. Grimsbo used the same extraction method used by the state laboratory and tested the material in his GCMS. Grimsbo did not detect heroin or cocaine in the material he tested, but conceded that he could not say that the material he did not test was free of those drugs. Mellinkoff testified that drugs can be present in parts of material tested for drugs and not in other parts.

Hundley admitted possessing the material in the bag, but testified that he believed it to be incense or potpourri. He said he received it, as an unsolicited free sample, from Mid

---

[1] Wetzel actually discovered two small bags, but Hundley's conviction was based on the contents of only one bag.

American Drug, a mail order company which sometimes mailed him free samples of products. A Mid American price list admitted into evidence, which Hundley testified had been folded up in his wallet next to the bag, listed prices for several types of incense sold by Mid American. Grimsbo acknowledged in his testimony that the material had an "herbal kind of smell, a potpourri".

Hundley waived trial by jury. The trial court found that the material in the bag contained heroin and cocaine, and concluded as a matter of law that Hundley had the burden of proving his defense of unwitting possession by a preponderance of the evidence. The court found that Hundley had not met this burden, although he had created a reasonable doubt. Accordingly, the trial court found Hundley guilty of possession of cocaine and heroin. Hundley appeals.

## SUFFICIENCY OF THE EVIDENCE

Hundley argues the evidence was insufficient to prove that the material in the bag contained heroin and cocaine. Evidence is sufficient to support a conviction if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Seattle v. Slack*, 113 Wn.2d 850, 859, 784 P.2d 494 (1989).

Viewing the evidence in this light, a rational trier of fact could find that the portion of the material tested by the state laboratory contained the drugs beyond a reasonable doubt, albeit in small quantities. Hundley did not discredit the State's GCMS procedures or the accuracy of the GCMS results. Testimony for the State indicated that drugs are often imperfectly mixed with benign materials, so that testing one portion will not reveal the presence of drugs, but testing another portion will.

## UNWITTING POSSESSION

In 1981, the Washington Supreme Court held that the statute forbidding possession of a controlled substance[2] does

---

[2] RCW 69.50.401(d), originally codified at RCW 69.50.401(c).

not require proof of guilty knowledge. *State v. Cleppe*, 96 Wn.2d 373, 378-80, 635 P.2d 435 (1981), *cert. denied*, 456 U.S. 1006 (1982). However, the *Cleppe* court allowed the continued use of the "affirmative defense" of unwitting possession. 96 Wn.2d at 380. The availability of the defense

> ameliorates the harshness of the almost strict criminal liability our law imposes for unauthorized possession of a controlled substance. If the defendant can affirmatively establish his "possession" was unwitting, then he had no possession for which the law will convict. The burden of proof, however, is *on the defendant*.

*Cleppe*, 96 Wn.2d at 381.

■ Hundley contends that unwitting possession negates the unlawfulness of possession; therefore, the State must prove absence of the defense beyond a reasonable doubt. He relies on *State v. McCullum*, 98 Wn.2d 484, 656 P.2d 1064 (1983) and *State v. Acosta*, 101 Wn.2d 612, 683 P.2d 1069 (1984). Under those cases, the State must prove beyond a reasonable doubt the absence of a defense which negates an element of the crime charged. *Acosta*, 101 Wn.2d at 615; *McCullum*, 98 Wn.2d at 490; *but see State v. Camara*, 113 Wn.2d 631, 639-40, 781 P.2d 483 (1989).

■ However all three divisions of this court agree that *Cleppe* requires that the defendant bear the burden of proving the defense of unwitting possession. *State v. Huff*, 64 Wn. App. 641, 654, 826 P.2d 698 (Division Two), *review denied*, 119 Wn.2d 1007 (1992); *State v. Sims*, 59 Wn. App. 127, 132 n.4, 796 P.2d 434 (1990) (Division One), *aff'd*, 119 Wn.2d 138, 829 P.2d 1075 (1992); *State v. Knapp*, 54 Wn. App. 314, 318, 320, 773 P.2d 134 (Division Three), *review denied*, 113 Wn.2d 1022 (1989). Unwitting possession does not negate an element of the crime; the Supreme Court recently reaffirmed that neither guilty knowledge nor intent to possess is an element. *State v. Johnson*, 119 Wn.2d 143, 146, 829 P.2d 1078 (1992); *State v. Sims*, 119 Wn.2d 138, 142, 829 P.2d 1075 (1992). As we said in *Huff*, "[i]n Washington, it is well settled that the defendant bears the burden of proving unknowing possession, as opposed to the State bear-

ing the burden of proving knowing possession." 64 Wn. App. at 654.

Thus, Hundley had the burden of persuading the court that his possession was unwitting. *See State v. McAlister*, 71 Wn. App. 576, 578-79, 860 P.2d 412 (1993). However, *Cleppe* did not specify the required degree of certainty or level of proof for this defense. Hundley argues he must present sufficient evidence of unwitting possession to create a reasonable doubt as to his guilt; the State argues Hundley must present sufficient evidence to prove unwitting possession by a preponderance of the evidence.

The Legislature requires defendants to prove certain statutory affirmative defenses by a preponderance of the evidence. *McCullum*, 98 Wn.2d at 492. It is constitutionally *permissible* to do so, so long as the State is not relieved from proving beyond a reasonable doubt all facts constituting a crime. *Patterson v. New York*, 432 U.S. 197, 206-10, 53 L. Ed. 2d 281, 97 S. Ct. 2319 (1977). However, unwitting possession is a judicially created affirmative defense. Thus, the Legislature has not required any particular level of proof.

■ In the absence of a legislative enactment, the general rule is that a defendant must establish an affirmative defense only to the extent necessary to create a reasonable doubt as to the guilt of the defendant. *State v. Bromley*, 72 Wn.2d 150, 155, 432 P.2d 568 (1967); *State v. Rosi*, 120 Wash. 514, 518, 208 P. 15 (1922); *McAlister*, 71 Wn. App. at 583-84; *State v. Ziegler*, 19 Wn. App. 119, 121-22, 575 P.2d 723 (1978); *see State v. Wilson*, 20 Wn. App. 592, 597-99, 581 P.2d 592 (1978). We see no reason to depart from the general rule and require a higher level of proof for unwitting possession than for other affirmative defenses.

Our holding is supported by *State v. Worland*, 20 Wn. App. 559, 566, 582 P.2d 539 (1978), a pre-*Cleppe* case. There we said that a defendant's burden is to prove unwitting possession "by evidence sufficient to create a reasonable doubt in the minds of the jury." 20 Wn. App. at 566.

We note that in *Knapp*, 54 Wn. App. at 321-22; *accord, State v. Quintero-Quintero*, 60 Wn. App. 902, 906, 808 P.2d

183 (1991); *State v. Adame*, 56 Wn. App. 803, 806-07, 785 P.2d 1144, *review denied*, 114 Wn.2d 1030 (1990), Division Three held that a defendant must prove unwitting possession by a preponderance of the evidence.[3] We respectfully decline to follow these cases.

The *Knapp* court analogized the defense of unwitting possession to statutory exceptions to liability for possession of controlled substances, noting that the statute required the defendant to prove such exceptions.[4] *Knapp*, 54 Wn. App. at 319-20. However, earlier cases construing former but similar statutes[5] held that the defendant's burden in proving the statutory exceptions was only to produce evidence sufficient to create a reasonable doubt as to the unlawfulness of the possession. *State v. Morris*, 70 Wn.2d 27, 34, 422 P.2d 27 (1966); *State v. Boggs*, 57 Wn.2d 484, 486-87, 358 P.2d 124 (1961); *State v. Helmer*, 166 Wash. 602, 603-04, 8 P.2d 412 (1932).

Furthermore, pre-*Cleppe* cases[6] addressing the level of proof for the affirmative defense of unwitting possession require only that the defendant create a reasonable doubt.

---

[3]Division One recently approved, as a lesser included offense instruction, an instruction requiring proof of unwitting possession by a preponderance, citing *Adame*. *State v. Sanders*, 66 Wn. App. 380, 389, 832 P.2d 1326 (1992).

[4]"It is not necessary for the state to negate any exemption or exception . . .. The burden of proof of any exemption or exception is upon the person claiming it." RCW 69.50.506(a).

[5]The statute construed in *State v. Boggs*, 57 Wn.2d 484, 486, 358 P.2d 124 (1961) stated (in part) "it shall not be necessary to negative any exception . . . or exemption, contained in this chapter, and *the burden of proof of any such exception . . . or exemption, shall be upon the defendant.*"
The statute construed in *State v. Helmer*, 166 Wash. 602, 603-04, 8 P.2d 412 (1932) stated (in part) "it shall not be necessary . . . for the plaintiff to prove that the defendant does not come within any of the exceptions herein contained; but such exceptions shall be considered as a matter of defense, and the burden shall be upon the defendant to show that he comes within such exceptions."

[6]Like *Cleppe*, pre-*Cleppe* cases held that the State need not prove intent or guilty knowledge to prove the crime of possession. Rather, they required the defendant to prove that the possession was unwitting. *E.g., State v. Walcott*, 72 Wn.2d 959, 968, 435 P.2d 994 (1967), *cert. denied*, 393 U.S. 890 (1968).

*Morris*, 70 Wn.2d at 34; *Wilson*, 20 Wn. App. at 597-98; *Worland*, 20 Wn. App. at 566; *State v. Dimmer*, 7 Wn. App. 31, 37, 497 P.2d 613, *review denied*, 81 Wn.2d 1003 (1972); *State v. Tretton*, 1 Wn. App. 607, 612-13, 464 P.2d 438 (1969), *review denied*, 77 Wn.2d 963 (1970); *see State v. Edwards*, 5 Wn. App. 852, 855, 490 P.2d 1337 (1971) (cites *Rosi* as to the defendant's burden of affirmatively proving unwitting possession; *Rosi* requires proof of an affirmative defense to the extent necessary to create a reasonable doubt as to guilt), *review denied*, 80 Wn.2d 1004 (1972). *Dimmer* and *Edwards* were decided by Division Three, but not cited by that division in *Knapp*, *Adame*, or *Quintero-Quintero*.

In this case, Hundley produced sufficient evidence of unwitting possession to create a reasonable doubt that he knowingly possessed the drugs. Having thus affirmatively established his unwitting possession, Hundley "had no possession for which the law will convict." *Cleppe*, 96 Wn.2d at 381. Applying the correct law to the trial court's findings, the trial court was not persuaded to the degree required to convict Hundley. Thus, we reverse the judgment and sentence.

MORGAN, C.J., and ALEXANDER, J., concur.

Review granted at 124 Wn.2d 1007 (1994).