IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, Respondent, v. MICHAEL ALEXANDER GONZALES, Appellant. | No. 79835-9-I DIVISION ONE UNPUBLISHED OPINION |

LEACH, J. — Michael Gonzales appeals his conviction for trafficking in stolen property in the first degree. He claims the trial court violated his right to a unanimous jury verdict because the record does not include sufficient evidence to support the first of two alternative means charged. Because sufficient evidence supports the first alternative means, we affirm.

BACKGROUND

Michael Gonzales worked for Wolfe Plumbing. On December 22, 2016, Gonzales left a job site and never returned to work. Robert Lacseul, a foreman for Wolfe Plumbing, visited the job site after returning from Christmas break on January 2, 2017 and noticed that someone broke into the job box. He contacted police after discovering tools were missing from the job box.

Detective Robert DeGabriele of the Lynnwood Police Department searched a pawn registry for the missing tools. The search led detectives to Gonzales. Gonzales told detectives, and testified at trial, he would "cut some locks off of some

Citations and pincites are based on the Westlaw online version of the cited material.

of the job boxes" and "take the items and sell them right away to obtain money" to supply his drug problem. He admitted he would "take the tools and go pawn them in order to get drug money."

Gonzales pawned three items to Kandice Detherage, an employee of Cash American pawn shop. She testified how a pawn transaction works. A customer would exchange the pawned item for a loan and the customer would then have 90 days, plus a 30-day grace period, to repay the amount borrowed plus a finance charge.

Alyshia Pfeiffer, a manager for Pawn Fathers pawn shop in Everett, Washington also testified that Gonzales pawned two items to her. Gonzales pawned items there for a short-term loan. Pawn Fathers would have held the pawned property for 90 days until he paid back the loan plus interest. At the time detectives seized the pawned items, none of the loans had matured.

The State charged Gonzales with theft in the second degree and trafficking in stolen property in the first degree. The jury convicted Gonzales as charged. Gonzales appeals the trafficking in stolen property conviction.

ANALYSIS

Gonzales claims the State violated his right to a unanimous jury verdict because the State failed to present sufficient evidence to support one of the two alternative means the jury was instructed to consider to convict him of trafficking in stolen property; that he knowingly initiated, organized, planned, financed, directed, managed, or supervised the theft of property for sale to others. He asserts that because detectives recovered the stolen tools before the time

2

Gonzales agreed to pay back the loan plus interest, the jury received insufficient evidence of his intent to sell the tools to others.

Criminal defendants have a right to a unanimous jury verdict.[1] When the State charges a defendant with an alternative means crime, the right to a unanimous jury verdict may also include the right to a unanimous jury determination as to the means by which the defendant committed the crime.[2] When sufficient evidence supports each of the charged alternative means of committing the crime, express jury unanimity is not required.[3]

When reviewing a defendant's challenge to the sufficiency of the evidence in a criminal case, Washington State appellate courts review the record viewing the evidence in the light most favorable to the State to determine whether any rational juror could find the essential elements of the crime beyond a reasonable doubt.[4] We draw all reasonable inferences from the evidence in favor of the State and strongly against the defendant.[5] A claim of insufficiency admits the truth of the State's evidence and all inferences reasonably drawn from it.[6] We consider circumstantial evidence as reliable as direct evidence.[7] We defer to the jury to resolve conflicting testimony, weigh the evidence, and draw reasonable inferences from the testimony.[8]

---

[1] WASH. CONST. art. I, § 21; Ramos v. Louisiana, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020).

[2] State v. Owens, 180 Wn.2d 90, 95, 323 P.3d 1030 (2014).

[3] State v. Smith, 159 Wn.2d 778, 783, 154 P.3d 873 (2007).

[4] State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

[5] Salinas, 119 Wn.2d at 201.

[6] Salinas, 119 Wn.2d at 201.

[7] State v. Johnson, 159 Wn. App. 766, 774, 247 P.3d 11 (2011).

[8] State v. Lawson, 37 Wn. App. 539, 543, 681 P.2d 867 (1984).

The State presented two alternative means of trafficking in stolen property in the first degree. The first was that Gonzales knowingly initiated, organized, planned, or supervised the theft of property for sale to others. The second was that he trafficked in stolen property knowing the property was stolen. The trial court also instructed the jury that to find Gonzales guilty, the jury need not unanimously find him guilty of both alternatives, "as long as each juror finds that at least one alternative has been proved beyond a reasonable doubt."

Gonzales asserts insufficient evidence supports the first alternative means because he only pawned the items, and since the loan was not past due and he could retrieve them, no evidence shows he intended to sell the tools. But, he admits that he pawned the stolen tools. In an earlier case we held that where a defendant pawns goods for a loan, rather than a sale, that is "sufficient to support a charge of trafficking in stolen property" because "[r]eading the trafficking statute to prohibit only the transfer of title in stolen property would render the statute a nullity."[9] So, the record includes sufficient evidence for a reasonable juror to conclude beyond a reasonable doubt that Gonzales knowingly initiated, organized, planned, or supervised the theft of property for sale to others. The State presented sufficient evidence to support each alternative means charged.

---

[9] State v. Hermann, 138 Wn. App. 596, 603-04,158 P.3d 96 (2007).

## CONCLUSION

The record contains sufficient evidence for a reasonable juror to find either charged alternative means of trafficking in stolen property. We affirm.

_Leach, J._

WE CONCUR:

_Brummer, J_                    _Appelwick, J._

5