[No. 13461–2–I. Division One. July 23, 1984.]

THE STATE OF WASHINGTON, *Appellant,* v. JAMES
NOLAN MOREHOUSE, *Respondent.*

*Seth Dawson, Prosecuting Attorney,* and *S. Aaron Fine,
Deputy,* for appellant.

192

*Maxine Stansell* of *Snohomish County Public Defender Association,* for respondent.

CORBETT, A.C.J.—The State appeals an order suppressing evidence. We reverse and remand.

Morehouse was charged by information with possession of marijuana with intent to deliver. He moved to suppress the evidence seized from his home during execution of a search warrant. The trial court granted the motion on the ground that the affidavit in support of the warrant did not establish the middleman's basis of knowledge or credibility.

The affidavit in support of the search warrant recited the following facts:

1. Over a 6–month period, informant had given affiant accurate information regarding controlled substances.

2. During this period, informant had made six controlled buys of drugs under affiant's supervision and provided information for search warrants leading to six arrests and seizure of large quantities of marijuana and other controlled substances.

3. Informant had been involved in the drug scene for 3½ years and was knowledgeable about the different types of drugs available in the community.

4. During the past 72 hours, informant told affiant that a white male adult (middleman) could purchase marijuana for informant, that he and middleman would drive to the area of Frontier Estates in Everett, and that middleman would park his vehicle a short distance from a residence where he would purchase marijuana.

5. During the past 72 hours, affiant took informant to a residence where the informant stated middleman lived. Informant entered the residence and shortly thereafter left the residence with a white male.

6. Affiant saw informant and middleman enter middleman's car, drive to Frontier Estates, and park the car near 12th St. N.E.

7. Affiant saw middleman enter a residence, and about 20 minutes later leave the residence, walk back to his car, and drive away with informant.

8. Affiant saw informant and middleman arrive at middleman's house in middleman's car.

9. Informant gave affiant marijuana which informant

said middleman acquired from a residence located on 12th St. N.E. Informant said that middleman gave him the marijuana immediately upon returning to the vehicle.

10. During the past 72 hours, informant and middleman arranged a second buy. Affiant observed the informant and middleman follow the same procedure used in the first buy.

11. Informant told affiant that middleman stated "'his man' had a large quantity of Marijuana that he needed to unload."

The warrant was issued on the basis of this information. The search of the defendant's house resulted in seizure of 374.5 grams of marijuana. During the search, the defendant admitted owning the marijuana.

 The magistrate is entitled to draw all reasonable inferences from the facts and circumstances set forth in the affidavit to determine the probability that a search will reveal evidence of a crime. *State v. Adame,* 37 Wn. App. 94, 99, 678 P.2d 1299 (1984). Reasonableness is the ultimate test, whether the evaluation is made under our state constitution, *State v. Patterson,* 83 Wn.2d 49, 52, 515 P.2d 496 (1973), or the federal constitution. *Illinois v. Gates,* 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983) (rejecting the 2-pronged *Aguilar[1]–Spinelli[2]* test as hypertechnical and adopting a "totality of the circumstances" analysis); *accord, Massachusetts v. Upton,* ___ U.S. ___, 80 L. Ed. 2d 721, 104 S. Ct. 2085 (1984). Doubts should be resolved in favor of the warrant. *State v. Partin,* 88 Wn.2d 899, 904, 567 P.2d 1136 (1977).

 The State contends that the trial court erred by applying the *Aguilar–Spinelli* test instead of considering the "totality of the circumstances" in determining validity of the warrant. An informant's "veracity" and "basis of knowledge" continue to be relevant to the determination of probable cause, but we do not require a "slavish adherence"

---

[1] *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1946).

[2] *Spinelli v. United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969).

to the 2–pronged *Aguilar–Spinelli* test. *State v. Bowers,* 36 Wn. App. 119, 122, 672 P.2d 753 (1983). When the information furnished by an informant is based upon hearsay statements of a middleman, any deficiency concerning the reliability of the middleman may be overcome. The police officers' own observations and the informant's experience were adequate for that purpose in this case. The credibility and reliability of an informant assumes greater importance when he serves as a conduit for information. *See State v. Yaw,* 58 Hawaii 485, 572 P.2d 856, 859 (1977).

Defendant relies upon *State v. Smith,* 28 Wn. App. 387, 391, 624 P.2d 191 (1981) to support his assertion that the affidavit must contain information establishing the credibility and reliability of the middleman as well as that of the primary informant. There is a key distinction between this case and *Smith.* Unlike the affidavit at issue here, the affidavit in *Smith* recited no facts concerning the reliability of the informant. Moreover, the officers' observation of two separate transactions involving the same residence and the same pattern of activity made it improbable that the middleman was attempting to set up the defendant. The qualifications of the informant and the corroborative observation of the officers are unchallenged. On balance the affidavit could be relied upon to issue the warrant. The trial court erred by suppressing the evidence.

Reversed and remanded for denial of the motion to suppress.

ANDERSEN and RINGOLD, JJ., concur.

Remanded by Supreme Court to the Court of Appeals November 2, 1984.