[No. 13461-2-I. Division One. August 5, 1985.]

THE STATE OF WASHINGTON, *Appellant*, v. JAMES
NOLAN MOREHOUSE, *Respondent*.

*Seth Dawson, Prosecuting Attorney,* and *S. Aaron Fine,
Deputy,* for appellant.

*Maxine Stansell* of *Snohomish County Public Defender
Association,* for respondent.

WILLIAMS, J.—James Nolan Morehouse was charged by
information with possession of marijuana with intent to
deliver in violation of RCW 69.50.401(a)(1). His motion to
suppress the evidence seized from his home during execu-
tion of a search warrant was granted on the ground that the
affidavit in support of the warrant did not establish the
middleman's basis of knowledge or credibility. The charges
against Morehouse were then dismissed and the State
appealed. This court filed its opinion on July 23, 1984,
*State v. Morehouse,* 38 Wn. App. 191, 684 P.2d 1348

(1984), reversing the trial court on the ground that under the "totality of the circumstances" test the affidavit was sufficient to justify issuance of a search warrant. Subsequently the Washington Supreme Court rejected the "totality of circumstances" test in *State v. Jackson,* 102 Wn.2d 432, 688 P.2d 136 (1984) and remanded this case for reconsideration, 102 Wn.2d 1025 (1984).

In September 1982, Everett police detectives were contacted by an informant who had previously given them information leading to the arrest of six persons and the seizure of large quantities of illegal drugs. The informant told the police that he could buy marijuana from a "middle man" who in turn would purchase the drugs at a residence located at 9012 12th Street N.E. in Everett. This residence later proved to be occupied by James N. Morehouse.

On two separate occasions during 3 days the police observed drug transactions between the informant and the "middle man." Each time the two drove in the "middle man's" car to Morehouse's residence where the "middle man" would go in alone. When he returned the "middle man" gave the informant marijuana. The informant told the police that the "middle man" purchased the drugs in Morehouse's residence. Based on this information, the police obtained a warrant to search the residence, and in the course of that search, discovered and seized 374.5 grams of marijuana.

The issue is whether the trial court erred in granting Morehouse's motion to suppress. The test for sufficiency of a confidential informant's tip to establish probable cause for a search warrant is derived from *Spinelli v. United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969) and *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964). The rule is that:

(1) the officer's affidavit must set forth some of the underlying circumstances from which the informant drew his conclusion so that a magistrate can independently evaluate the reliability of the manner in which the informant acquired his information; and (2) the affidavit must

set forth some of the underlying circumstances from which the officer concluded that the informant was credible or his information reliable.

*State v. Jackson,* 102 Wn.2d 432, 435, 688 P.2d 136 (1984).

■ The evidence given to the magistrate in the affidavit supporting the warrant for the search of the Morehouse residence came from the police who got it from the reliable informant who got it from the "middle man" who purportedly made the illicit buys. The information did not establish the reliability of the "middle man" nor that what he reported to the reliable informant was accurate. There was no way for the magistrate to know when the "middle man" came into possession of the drugs and why he should be considered reliable. The trial court did not err by suppressing the evidence seized pursuant to the search warrant.

In accord with this determination is *State v. Smith,* 28 Wn. App. 387, 624 P.2d 191 (1981) wherein it is held that when an informant's tip is based on information from a third party, probable cause is not established unless the affidavit contains facts enabling the magistrate to make an independent determination that both the information supplied by the third party and the third party himself are reliable.

Affirmed.

GROSSE and WEBSTER, JJ., concur.

Review denied by Supreme Court October 18, 1985.