[No. 7886–8–III.   Division Three.   April 28, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. ENCARNACION VILLALOBOS GONZALEZ, *Appellant.*

required to convict Mr. MacMaster. *State v. Rangitsch,* 40 Wn. App. 771, 777, 700 P.2d. 382 (1985).

*Victor Lara* and *Schwab, Kurtz & Hurley,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Donald Kresse, Deputy,* for respondent.

GREEN, J.—Encarnacion V. Gonzalez was convicted of possessing a controlled substance with intent to deliver. He appeals contending (1) the court erred in denying his motion to vacate the conviction based on his claim of ineffective assistance of counsel; and (2) there was insufficient evidence of an intent to deliver a controlled substance. We affirm.

On March 21, 1986 a warrant was issued to search the residence of Mr. Gonzalez. The affidavit of Yakima County Sheriff's Deputy Thompson supporting the warrant stated there was probable cause to believe cocaine was being manufactured, delivered, possessed with intent to deliver or possessed with intent to manufacture in violation of RCW 69.50 based upon the following facts:

> That within the past two months your affiant was contacted by confidential reliable informant(1) who related to your affiant that this informant had received information that Encarnacion Gonzalez dealt in controlled substance, specifically cocaine at the above described residence. This informant further advised your affiant that no controlled substances had been seen as this informant was not allowed to enter the above described residence. The informant did not state the basis for the knowledge of this activity there, only that it was "common knowledge" in the drug community that this activity

was taking place. This informant did show your affiant the above described residence.

The informant from whom this information was received is familiar with the appearance, packaging, common usage, and terminology regarding said controlled substance.

Your affiant believes the informant is reliable in that the informant has previously provided information concerning narcotics trafficking, usage, and/or possession to your affiant and/or members of law enforcement. That the information has been verified by your affiant and/or other members of law enforcement and said information has not proven to be false. Further, this information has been additionally verified through concurring investigations and meetings with other law enforcement officers.

Additionally, your affiant believes that the identity of this informant should remain confidential in that disclosure of the informant's identity would expose the informant to retaliation by members of the criminal narcotics community and/or the revelation of the informant's identity would render the informant inoperative for any future investigation wherein the informant may be able to assist in your affiant.

Further this informant has made one controlled buy for heroin under the control, direction and supervision of your affiant. The material purchased was in fact heroin, a controlled substance.

Further the informant has provided information to your affiant which has resulted in the successful execution of one search warrant whereupon controlled substances were seized and two persons arrested.

Your affiant's probable cause is based upon the additional following facts:

That within the past twenty–four (24) hours your affiant was contacted by confidential reliable informant(2) who related to your affiant a scenario in which cocaine could be purchased from a "middle–man", and that this middle–man would travel to an unknown location in Yakima County to retrieve the controlled substance for eventual delivery and sale to the informant.

That your affiant and other members of the Yakima City–County Narcotics Unit established a plan to surveil and follow the informant and the middle–man during a cocaine transaction.

That the informant's person and surroundings were checked for controlled substances and none were found. The informant was then supplied with a quantity of U.S. Currency with which to make the cocaine purchase.

Your affiant and other members of the drug unit then followed the informant to a location in the lower valley of Yakima County whereupon the informant was contacted by a middleman. Your affiant and other members of the drug unit then followed this middle man to the residence previously described. This being the residence on Lateral "C" just north of McDonald Road. Your affiant and other members of the Drug unit observed the "middle–man" enter the described residence, remain for a few minutes, then exit. The middle man was followed to the informant's location where cocaine was exchanged for the U.S. Currency.

Your affiant contacted the informant and recovered a quantity of white powder suspected of being cocaine. The substance was field tested with results being positive for the presence of cocaine.

The informant from whom this information was received is familiar with the appearance, packaging, common usage and terminology regarding said controlled substance.

Your affiant believes the informant is reliable in that the informant has previously provided information concerning narcotics trafficking, usage, and/or possession to your affiant and/or other members of law enforcement. That the information has been verified by your affiant and/or other members of law enforcement and said information has not proven to be false. Further, this information has been additionally verified through concurring investigations and meetings with other law enforcement officers.

Additionally, your affiant believes that the identity of the informant should remain confidential in that disclosure of his/her identity would expose the informant to retaliation by members of the criminal narcotics community and/or the revelation of the informant's identity would render the informant inoperative for any future investigation wherein the informant may be able to assist your affiant.

Further the informant has made one controlled buy for cocaine and heroin under the control, direction and

supervision of your affiant. Respectively, the material purchased in each case was cocaine and heroin, both controlled substances.

Further the informant has provided information to your affiant which has resulted in the successful execution of two search warrants whereupon controlled substances were seized and six persons arrested.

To the best of your affiant's knowledge, Informant(1) and Informant(2) are not acquainted with one another and have no knowledge of the other's activities.

The search of Mr. Gonzalez's residence and outlying chicken coops, where fighting chickens or cocks were kept, revealed a buried coffee can containing 11 packets of cocaine; $7,770 in United States currency from a crawl space under the residence, $480 of which bore the serial numbers of the currency furnished for the controlled buy less than 24 hours prior to the search; documents indicating Mr. Gonzalez was a resident of the house; a 9 mm. revolver; pistol clips; a notebook with telephone numbers; a notebook with mathematical computations; and $1,100 cash from a sport coat found in the hall closet.

During a bench trial, Mr. Gonzalez denied any knowledge of the cocaine or the money found in the crawl space. He was found guilty of possession of cocaine with intent to deliver. Thereafter, Mr. Gonzalez moved to vacate the conviction contending he was denied effective assistance of counsel. He asserted his counsel should have moved to suppress the evidence and contended the warrant was issued without probable cause. This motion was denied on the basis Mr. Gonzalez had suffered no prejudice since even if the motion had been filed, it would have been denied. We agree.

The claim of ineffective assistance of counsel requires a criminal defendant to show (1) counsel's performance was deficient, considering the entire record, and (2) defendant was prejudiced by such ineffectiveness. *State v. Mak*, 105 Wn.2d 692, 731, 718 P.2d 407, *cert. denied*, 479 U.S. 995, 93 L. Ed. 2d 599, 107 S. Ct. 599 (1986). The first element is met by showing counsel's performance fell below

an "objective standard of reasonableness"; the second by showing there was "'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Sardinia,* 42 Wn. App. 533, 539, 713 P.2d 122 (quoting *Strickland v. Washington,* 466 U.S. 668, 694, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984)), *review denied,* 105 Wn.2d 1013 (1986). "'[R]easonable probability is a probability sufficient to undermine confidence in the outcome.'" *Sardinia,* at 539 (quoting *Strickland,* 466 U.S. at 694). Even if we assume arguendo the first element of the above test is met, the ineffective assistance of counsel claim must fail as we find Mr. Gonzalez suffered no prejudice.

▎ To establish probable cause for the issuance of a search warrant based on a confidential informant's tip, the person requesting the warrant must show that (1) the informant is reliable and (2) the informant's basis of information is credible. *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964); *Spinelli v. United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969). It is evident here that the affidavit of Deputy Thompson established the two confidential informants were reliable, thus satisfying the first requirement of the *Aguilar–Spinelli* test. Mr. Gonzalez contends, however, the affidavit failed to show the informants' basis of information was credible, the second requirement. The court in *State v. Jackson,* 102 Wn.2d 432, 688 P.2d 136 (1984) said at page 438:

> [I]f the informant's tip fails under either or both of the two prongs of *Aguilar–Spinelli,* probable cause may yet be established by independent police investigatory work that corroborates the tip to such an extent that it supports the missing elements of the *Aguilar–Spinelli* test.

We conclude the second requirement is satisfied by independent police work corroborating the tips as outlined in the affidavit. The deputies set up a controlled situation with the second informant. They searched the informant to make sure that he had no drugs on his person and then

observed a meeting between the informant and the middleman; they followed the middleman to Mr. Gonzalez's residence, which happened to be the residence pointed out by the first informant; observed the middleman enter the house and then a few minutes later leave and meet the informant who gave the middleman money in exchange for a substance; the substance was then delivered to the deputies, who recognized it as cocaine. These facts corroborate both informants' tips and thus satisfy the second requirement of the *Aguilar–Spinelli* test. *State v. Jackson, supra.*

Notwithstanding, Mr. Gonzalez contends the affidavit is deficient because it fails to show the reliability and basis of information of the middleman, *i.e.,* the affidavit fails to satisfy the *Aguilar–Spinelli* test. We decline to apply *Aguilar–Spinelli* to persons with whom the police have no direct contact and supply no information. *Aguilar–Spinelli* only involved informants who supplied information that formed the basis for issuing a search warrant. Thus, this contention by Mr. Gonzalez must be rejected.

Mr. Gonzalez relies on *State v. Smith,* 28 Wn. App. 387, 624 P.2d 191 (1981) (Division Two) and *State v. Morehouse,* 41 Wn. App. 334, 704 P.2d 168 (Division One), *review denied,* 104 Wn.2d 1020 (1985) in support of his position.[1] We recognize these decisions are factually similar, but they do differ in some respects. In *Smith* the affidavit indicates a confidential informant told the officer a third person could obtain drugs from the residence of a named individual. That affidavit, however, did not establish that the confidential informant was reliable. The court then focused the *Aguilar–Spinelli* test on the middleman and found the affidavit failed to meet that test and the seized evidence was suppressed. That is not the situation here. The informants here are reliable, and informant (2) did not know or indicate where the middleman would obtain the

---

[1] *State v. Larson,* 29 Wn. App. 669, 630 P.2d 485 (1981) is also cited. That decision is factually distinguishable and lends no support for Mr. Gonzalez's contention.

cocaine. The location was observed by the officers. In *Morehouse* the reliable informant traveled in the middleman's vehicle to a residence; the middleman entered the residence alone, returned and delivered marijuana to the informant; the informant then delivered the substance to the police stating the middleman told him he had purchased the drugs in the Morehouse residence. The court focused the *Aguilar–Spinelli* test on the middleman, found the affidavit wanting, and suppressed the evidence. In contrast, the police here relied only on the conduct they observed since the reliable informant did not convey any hearsay information from the middleman.

Both *Smith* and *Morehouse* applied *Aguilar–Spinelli* to the middleman. However, the question of whether that test should have been applied was not in issue. Mr. Gonzalez cites no other decisions which apply the test to a middleman in the circumstances presented. Neither *Smith* nor *Morehouse* cite any underlying authority in their decisions. Apparently the rationale for the application of *Aguilar–Spinelli* in *Smith* and *Morehouse* was that the middleman was not searched before he entered the residence and therefore could have had the contraband on his person when he initially entered the residence. That rationale requires the affidavit to prove a crime rather than to show probable cause to believe a crime has been committed. Reasonableness is the key ingredient in the test for issuance of a search warrant. *State v. Gunwall*, 106 Wn.2d 54, 73, 720 P.2d 808 (1986). As stated in *State v. Patterson*, 83 Wn.2d 49, 52, 515 P.2d 496 (1973): "Good reason for the issuance of a search warrant does not necessarily mean proof of criminal activity but merely probable cause to believe it may have occurred." Considerable weight is given to the conclusion of the issuing magistrate. *State v. Maffeo*, 31 Wn. App. 198, 202, 642 P.2d 404, *review denied*, 97 Wn.2d 1012 (1982). The decisions make it clear that proof of criminal activity is not required to obtain a search warrant, only probable cause to believe such activity occurred.

Thus, we believe the rationale underlying *Smith* and *Morehouse* is flawed and we decline to follow those decisions. Accordingly, the conduct which the law enforcement officers observed here, as outlined in the affidavit, justified the magistrate's finding of probable cause to search the Gonzalez residence.

Further, Mr. Gonzalez contends the court erred in finding him in unlawful possession of a controlled substance with intent to deliver. He argues to prove unlawful possession, the State must show he knew he was possessing a controlled substance. Mr. Gonzalez asserts that possession is not presumed unlawful if the accused is not afforded an opportunity to discover what he possesses. *State v. Gerke,* 6 Wn. App. 137, 491 P.2d 1316 (1971). He argues he was not given that opportunity since the cocaine was several yards from his house. This argument is unpersuasive.

In *Gerke* the defendant's knowledge of drugs could not be inferred since her acquaintance with the addressee of a footlocker containing marijuana was casual. Ms. Gerke had merely furnished transportation. Contrastingly, the cocaine found on Mr. Gonzalez's property was wrapped in tinfoil, placed in a coffee can, buried and covered with straw. As the court stated:

> I am convinced beyond a reasonable doubt that Mr. Gonzalez was in possession of the cocaine and he was in possession of it with intent to deliver. . . . [I]t would be almost impossible for anybody just to wander onto the place and find that. It's obviously hidden from someone who is wandering in. So whether there are locked gates is immaterial. Whether others had access is to me also not a material fact because there has been no explanation at all why others would come on and dig a hole in the chicken coop and hide cocaine therein, or would hide money in the crawl space of the home less than 24 hours after some of these bills had actually been placed in the possession of the informant and middleman.

The court did not err in finding Mr. Gonzalez unlawfully possessed a controlled substance.

Finally, Mr. Gonzalez argues there was insufficient evidence to prove he intended to deliver the cocaine. A verdict based upon substantial evidence will not be disturbed. *State v. Weiss,* 73 Wn.2d 372, 375, 438 P.2d 610 (1968). We have reviewed the record and find ample evidence to support the verdict.

Affirmed.

MUNSON and THOMPSON, JJ., concur.